## John M. Black *vs.* Thomas O'Hara.

Hartford District, Jan. T., 1886. Park, C. J., Carpenter, Pardee, Loomis and Granger, Js.

A private right of way by prescription was claimed over what had formerly been a public highway, but had been abandoned and fenced up. Held that the right of way could have been acquired only by a user that was adverse, that the user could not have been adverse while the highway was open to public use, and that therefore there must have been fifteen years of adverse user after the highway had been abandoned and closed up.

[Argued January 15th—decided March 12th, 1886.]

Action for throwing down a fence on the land of the plaintiff; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Litchfield County, and tried to the jury before *Warner, J.* Verdict for the defendant, and appeal by the plaintiff for error in the charge of the court. The case is fully stated in the opinion.

*G. A. Hickox,* for the appellant.

*J. Huntington* and *W. H. O'Hara,* for the appellee.

Carpenter, J. This is an action of trespass; the defense sets up a right of way by prescription; the replication

alleges that the supposed right of way was along and over a public highway which was discontinued in 1875; the rejoinder denies the replication and further alleges that if ever a highway it was abandoned more than thirty-two years prior to 1875. The replication, if true, disproved the alleged right of way, so that it in substance denied the defense. The rejoinder, if true, disproved the replication. Upon this state of the pleadings the issue was whether the defendant had a right of way by prescription. On the trial the parties agreed that the *locus in quo* was once a highway. If it existed until 1875, when it was formally discontinued, the defendant could have acquired no right of way, because sufficient time for that purpose has not yet elapsed since 1875. If the highway ceased to be such more than thirty-two years prior to 1875, then it was possible for the defendant to have acquired such a right.

The case was tried to the jury, the defendant had a verdict, and the plaintiff appealed. The court charged the jury, as the plaintiff requested, that the burden of proof was on the defendant to prove the alleged right of way; but refused to charge, as further requested, that proof of a public highway would not prove a private way by prescription; and this is the first objection to the charge.

If the plaintiff, instead of replying evidential facts to the defense, had contented himself with a simple denial, there would have been more force in this objection. Even then, however, it is questionable whether the objection should not have been taken to the evidence. But the plaintiff introduced the subject of a highway into the pleadings; and the subordinate issue as to evidential facts is whether the highway was discontinued by action of the town in 1875, as claimed by the plaintiff, or by abandonment, some forty years before, as claimed by the defendant. Another subordinate issue, but incidental and contingent, raised, not by the pleadings, but by the defendant on the trial, was whether the highway existed at the time of the alleged trespass. Now evidence as to this whole matter seems to have been given to the jury without objection. It does not appear,

however, that the defendant claimed it as sustaining his defense, but claimed it rather as disproving the plaintiff's allegations; and further claiming, if those allegations were disproved, and the highway still existed, that it constituted a defense to the action. The counsel on both sides, and the court, seem to have treated it as a distinct, independent defense. As such no objection was made and no question raised. The court submitted that incidental defense, which the trial developed, to the jury. As the defendant did not claim that proof of a highway proved a prescriptive right of way, and as the trial proceeded upon the theory that a highway was a separate defense, we think the court was justified in not charging as requested.

The next objection is to the following charge:—"And the law is, that if you find that the defendant's grantor and he have uninterruptedly and continuously occupied and used said claimed right of way for the period of fifteen years before the beginning of this suit, then your verdict should be for the defendant, provided you also find in this connection that this claimed right of way was not over and on a then existing public highway, as claimed by the plaintiff." The objection to this part of the charge is thus stated:— " The special error here assigned is, that the court charged the jury that mere possession, occupancy and user would establish a legal private way without regard to the character thereof, and whether adverse or not to the rights of the plaintiff."

We recognize the principle underlying this objection as sound. Of course mere user will not establish a right; it must be adverse. If the record disclosed any claim of a license or other circumstance aside from the matter of a highway, showing that the use was not adverse, and the court had failed to notice it or qualify the charge as claimed, it would have been difficult to escape the conclusion that the charge was erroneous and not adapted to the case. But we interpret this record as showing that the only ground on which the plaintiff claimed that the use was not adverse was the alleged existence of a highway during a part of the

fifteen years. There is no intimation of any other evidence or any other circumstance qualifying the use. We think it may fairly be inferred from the record that the plaintiff admitted the adverse character of the use unless there was a highway existing at the time. That and that alone is the special matter set up in his replication as showing that a prescriptive right did not exist; and that matter was sufficiently noticed and properly submitted to the jury in the concluding sentence of the charge.

The court further charged the jury as follows :—" If you find that the highway was abandoned and fenced up, as claimed by the defendant, forty years ago, and you also find that the defendant has used said right of way as claimed by him uninterruptedly and continuously for fifteen years before the commencement of this suit, then your verdict should be for the defendant." This is objected to for three reasons. 1. It is claimed that a non-user of a highway for forty years or more is not sufficient in law to operate as an abandonment. 2. That the user of the defendant could not avail him in the law except such user as he proved subsequent to the abandonment of the highway. 3. That such user must have been adverse.

The last objection we have already answered. The implication of law in the second objection will be admitted, namely, that the adverse user must have commenced after the right of the public had ceased. But we do not understand that the charge conflicts with that proposition. The import of the charge is, that if the highway was abandoned and fenced up more than forty years ago, and so continued for about twenty-five years, and then the defendant's user commenced, and continued for fifteen years before the suit was commenced, it was a defense. The jury must have understood from that, as well as from other parts of the charge, that an adverse user by the defendant and a right to use as one of the public could not exist during the same time.

In respect to the first objection; we do not understand the charge as referring to a period of time more than forty

years ago as the time when the process of abandonment commenced. For aught we know that process commenced so long before that time that the abandonment was then complete and the road then fenced up, so that all the public were then excluded therefrom. We think the charge fairly imports that. The language is "abandoned and fenced up more than forty years ago." The language of the defendant's rejoinder to the plaintiff's replication is of the same import. "It had been abandoned and discontinued for more than thirty-two years prior to 1875." So that the question how long a time it takes for the public to abandon a highway does not appear to have been made on the trial. The record discloses no such claim by either party. And neither the record nor the course of the trial warrants us in concluding that the judge assumed anything in respect to that matter.

We think there was no error in this part of the charge.

The record presents other questions; but as they have not been discussed, and as the appellant claims nothing in respect to them in this court, it is unnecessary to consider them.

There is no error in the judgment complained of.

In this opinion the other judges concurred.