FREDERICK R. PRICE *vs.* FINTON TEHAN ET AL.

Third Judicial District, New Haven, January Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A duly-authorized city ordinance forbade the assembly of persons idly on the sidewalk, and provided that when three or more were assembled and refused to disperse when commanded to do so by a police officer, they should forfeit and pay a penalty of not more than $50 for every such offense. *Held* that the offense created by the ordinance was not the assembling, but the refusal of the persons so assembled to disperse when commanded to do so, and that this necessarily implied a reasonable time and opportunity to comply with such command. Accordingly, one who casually meets and stops to speak with friends on the sidewalk does not become an offender merely because he fails to move on instantly when ordered to do so by a policeman; and his arrest before he has a reasonable opportunity to do as directed, and his subsequent detention in the police station, is an unjustifiable invasion of his rights for which he is entitled to recover damages.

The superintendent of police, who was in charge of the police station, refused to release the plaintiff, who had been arrested for an alleged violation of the foregoing ordinance, until his friends had paid $5, when he was discharged. *Held* that whatever might have been the theory upon which the chief of police assumed to act, it was a false one and afforded him no protection for the wrong done to the plaintiff by his unlawful restraint.

The authority of a peace officer to arrest, without a warrant, for mere misdemeanors, is conferred and limited by § 1770 of the General Statutes.

This section provides that policemen and other peace officers may "arrest, without complaint and warrant, any person for any offense in their jurisdiction, when the offender shall be taken or appre-

Price *v.* Tehan.

hended in the act." *Held* that this implied an offender and a present offense—not one already committed.

Submitted on briefs January 17th—decided March 8th, 1911.

ACTION to recover damages for false arrest and imprisonment, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff for $50, from which the defendants appealed. *No error.*

The defendant Tehan was a policeman on duty in the city of Waterbury. An ordinance of that city enacted under authority of the city charter, which made the offense created by the ordinance a misdemeanor, forbade the assembly of persons idly and in crowds upon any footway, sidewalk or crosswalk, in any street, or in the public squares of the city; and provided that "all persons to the number of three or more assembled and refusing to disperse when commanded to do so by a police officer, special constable, alderman or mayor of said city, shall forfeit and pay a penalty of not more than fifty dollars for every such offense."

The plaintiff, who was then a minor, met two friends upon a sidewalk in the center of the city about eight o'clock one Saturday evening, and there stood in conversation for several minutes with them. His meeting with one of these friends was by appointment; with the other by chance. The sidewalk was at the time crowded. Tehan, who had been specially detailed by the defendant Beach, who was the superintendant of police of the city, to keep clear the streets and walks in the vicinity, noticed from the opposite side of the street, where he was, the three young men standing as stated, and thereby interfering with free passage along the walk. He crossed the street and directed them to move on. They did not move immediately, and the plaintiff, who was intending to go to a theater with one of the group and

might with equal propriety take either of two streets to reach there, asked this friend which way they should go. Tehan, hearing this inquiry, and supposing that it was addressed to him, and because the plaintiff did not move at once, answered by saying, "I will show you which way to go," and arrested him and took him as a prisoner to the police station.

The arrest was made for the violation of the ordinance. There was no such violation by either of the three young men, and the plaintiff was not allowed a reasonable time within which to comply with the officer's direction, before his arrest. Tehan believed that there was a violation of the ordinance, and acted in good faith.

Tehan took the plaintiff directly to the station house, and there reported to the sergeant on duty at the desk. Here the plaintiff was weighed and measured, his name entered upon the records, and he was then locked up in the cell corridor. The defendant Beach was on duty as chief in authority, and in his office in an adjoining room. The plaintiff's two companions followed to the station house, and there, without the plaintiff's knowledge, sought out Beach in his office, and requested that the plaintiff be discharged. Beach thereupon sent directions to the sergeant to release the plaintiff upon payment by one of the friends of $5. This sum was paid without the knowledge of the plaintiff, and he was then released. He was then told that if he wished to contest his arrest or have a hearing in court, he could appear on the following Monday morning. The first information that the plaintiff received of the action of his friends was after he had left the station house, when he was told that the matter had been settled by the payment of $5, and also that he could appear before the court on Monday morning, if he wished a hearing. The plaintiff was so agitated that the information that

he could appear in court as stated made no impression upon his mind, and he never appeared there or before any authority.

The plaintiff never waived his right to be presented, and never consented to his release any further than to go when told that he might. He was never placed under bonds, nor presented before competent authority.

*John P. Kellogg,* for the appellants (defendants).

*Charles G. Root,* for the appellee (plaintiff).

PRENTICE, J. The plaintiff's arrest was at the hands of a police officer, without a warrant, and for the commission of a statutory misdemeanor created and defined by a municipal ordinance. The common law has long recognized the right of a peace officer to arrest without a warrant one whom he had reason or probable ground to suspect of having committed a felony, even though the suspected person is innocent, and although no felony had been committed. 4 Blackstone's Comm. 292; 2 Swift's Digest, 388; *Samuel* v. *Payne,* 1 Douglas, 359; *Beckwith* v. *Philby,* 6 Barn. & C. 635; *Rohan* v. *Sawin,* 5 Cush. (Mass.) 281. Power to the same extent has not been recognized in the case of misdemeanors. In many jurisdictions statutes have been enacted regulating that subject in a manner deemed to be more suited to modern conditions than does the common law. Section 1770 of our General Statutes is such a statute, and its provisions define and prescribe the limits of the powers of officers in making arrests for offenses such as that for which this arrest was made. The common-law power was less comprehensive, and there is no statute, general or special, which we have discovered, conferring a broader one upon this policeman. Section 21 of the charter of the city of Waterbury (12 Special

Laws, p. 65) deals with the subject of arrests by members of the Waterbury police department for certain offenses, but it goes no further than the general statute, and the offenses enumerated do not embrace the present. The general statute referred to authorizes police and other peace officers to "arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the offender shall be taken or apprehended in the act, or on the speedy information of others." It further provides that "all persons so arrested shall be immediately presented before proper authority."

The plaintiff's arrest was not upon the information of others. It was made upon the strength of the officer's own knowledge gained from his personal observation. The authority conferred in such cases is to arrest "when the offender shall be taken or apprehended in the act." This implies an offender and an act of offense which is not in the past. It does not justify an arrest of one who is not offending. Such a person cannot be taken in the act of offending, since he is not offending.

The court below held, and rightly upon the facts before it, that the plaintiff was not committing, and had not committed, the offense created by the ordinance. The three young men, who met casually upon the walk and stopped for a friendly and orderly conversation with each other, were certainly not subject to the penal provisions of the ordinance before they were requested to move on. Tehan's command did not instantly convert them into persons against whom a criminal charge could be made. That result could not be accomplished until they should, in the language of the ordinance, have refused to disperse in obedience to such command. That necessarily implies a reasonable time and opportunity to do as directed. Such time and opportunity Tehan did not give them before the

arrest was made. It is evident that he acted hastily and impulsively, and that he was prompted to make the arrest because he was piqued, and quite possibly because his temper was aroused by an innocent remark of the plaintiff, misunderstood or misconstrued. He failed to keep himself under that control which is required of an officer and to act with that regard for the rights of the individual which the law demands before he deprives a person of his liberty. The law seeks to give to those who are charged with the important duty of maintaining peace and good order in the community all reasonable protection in its discharge. But it cannot overlook the rights of private individuals, and justify arrests made as this was.

When authority over the plaintiff passed to the defendant Beach, he proceeded to exercise it by making terms with the plaintiff's friends as a condition of his liberation. This conduct was without possible justification. Upon what theory he assumed to act it is difficult to imagine. Whatever it was, it was a false one, and can afford him no protection for the wrong done the plaintiff by his unlawful restraint.

There is no error.

In this opinion the other judges concurred.