McKenna *v.* Whipple.

---

JAMES P. McKENNA *vs.* JOHN W. WHIPPLE ET ALS.

First Judicial District, Hartford, May Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Proof of the existence of probable cause for preferring a criminal charge against one, defeats an action by the latter for malicious prosecution.

A policeman in arresting one for intoxication acts within his own field of observation and at his peril.

A judgment in a criminal case is not competent evidence in a civil action between other parties. Accordingly, the plaintiff's acquittal upon a charge of intoxication is not admissible to prove his nonintoxication in an action by him for malicious prosecution and false imprisonment. The question of intoxication is still open, and, if put in issue, may be tried *de novo* in the present action.

A judgment based upon facts not alleged is erroneous.

The plaintiff sought to recover damages, in one count for alleged malic-

ious prosecution in charging the plaintiff with intoxication, and in a second count for false imprisonment upon the same charge; and the only material issue was whether the charge of intoxication was true or was made upon reasonable grounds. The trial court found that probable cause existed for the charge of intoxication, thus disposing of the first count; and with respect to the second, for false imprisonment, found that the plaintiff was in fact charged with and tried not only for intoxication but also for operating an automobile while under the influence of liquor or drugs, and that one of the defendants, a public officer, had the right, under General Statutes, § 223, to arrest and detain the plaintiff for that offense upon the "speedy information" of the other two defendants; and thereupon rendered judgment in favor of all the defendants. *Held* that the justification thus found and relied upon by the trial court for the plaintiff's arrest and imprisonment, was based upon facts not alleged either in the complaint or answer, and therefore that the judgment thus reached was erroneous.

Argued May 3d—decided August 4th, 1922.

ACTION to recover damages for alleged malicious prosecution and for false imprisonment, brought to and tried by the Superior Court in Windham County, *Maltbie, J.;* judgment rendered for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

On March 28th, 1921, defendant Whipple was traveling in an automobile on the highway leading from Pomfret to Putnam, and when he reached a point in Putnam near the house of one Davis, he saw the car of plaintiff approaching at a distance of several hundred feet, and proceeding in a dangerous and zigzag manner; in consequence of which he turned his own car to the extreme right of the road. When about opposite Whipple's car, plaintiff turned his own car to his left and struck the left-hand fenders of Whipple's car with great force, and greatly damaged Whipple's car and his own car. At the time of the collision plaintiff had a clear way to pass Whipple without colliding. After the collision Whipple and plaintiff became engaged in a controversy, and during it the defendant

Averill appeared. He examined the cars and found in plaintiff's car a bottle and broken glass, and he believed he detected the odor of liquor and so reported to Whipple. Plaintiff was excited, somewhat incoherent in his talk, and falsely accused Whipple of not keeping to the right of the road; his appearance, manner and talk were such as would naturally be expected of one under the influence of liquor or drugs. From all of these circumstances Whipple and Averill honestly believed plaintiff was then under the influence of liquor or drugs, and that belief was a reasonable one.

The plaintiff requested Whipple to take him to Putnam, two miles distant, and he refused, and then, at plaintiff's request, Averill took him to Putnam and for this plaintiff paid him $2, but in an insulting manner. Later Whipple and Averill met in Putnam defendant Laird, a police officer, and complained to him that plaintiff had driven his automobile into Whipple while under the influence of liquor or drugs, and requested his arrest. They sought out plaintiff and a further controversy ensued between Whipple and the plaintiff in the course of which Whipple again accused plaintiff of being intoxicated.

Laird requested plaintiff to show a license for the operation of his car, and a certificate of registration for the car, but he refused; Laird then took him to the police station where he was locked up until 11:30 p. m., when he was released. While Laird was present plaintiff continued to act in an unnatural manner, was excited and somewhat incoherent in speech, and had the appearance of being under the influence of liquor or drugs. All of the defendants honestly entertained the belief that he was under such influence, and further they believed that he had operated his automobile while in this condition at the time of the collision.

Whipple and Averill did believe and there was probable cause for them to believe, that the plaintiff at the time of the collision was driving his automobile while under the influence of liquor or drugs. The complaint that plaintiff had operated his automobile while under the influence of liquors or drugs came to Laird by the speedy information of Whipple and Averill, was believed by Laird to have been made in good faith and by responsible persons, and was confirmed by his own observation of the plaintiff. Neither of defendants knew plaintiff before this occurrence.

Plaintiff was subsequently brought before the Police Court in Putnam, charged with intoxication, and with operating an automobile while under the influence of liquor or drugs, and after due trial had, was acquitted and discharged. The plaintiff has been since 1911 a practicing physician and surgeon of extensive practice in Providence.

The court concluded, as to the first count, that defendants had probable cause to believe and did believe from circumstances known to them before any steps had been taken for his arrest, that the plaintiff had committed the criminal offense of operating a motor-vehicle while under the influence of liquor or drugs. As to the second count, that "as the alleged offense of being found intoxicated was committed, if at all, in Laird's presence, the discharge of plaintiff would prevent any justification of the arrest by Laird, as regards that charge," since the arrest for the claimed offense of operating a motor-vehicle was made upon speedy information from responsible persons, believed by the officer to be given in good faith, and substantiated by the facts within his own field of observation, it was therefore justified.

*Patrick J. Danahey,* for the appellant (plaintiff).

*Charles L. Torrey,* with whom, on the brief, was *Mahlon H. Geissler,* for the appellees (defendants).

WHEELER, C. J.   The complaint is in two counts: the first for a malicious prosecution, the second for a false imprisonment.   The first count alleges that defendants Whipple and Averill made complaint to defendant Laird, a police officer in Putnam, charging plaintiff with being intoxicated; that plaintiff was arrested upon this charge by Laird, and locked up in Putnam; that he was on March 29th, 1921, brought before the Police Court of Putnam on said charge, and defendants testified against him, and charged him with being intoxicated, the offense charged against the plaintiff; that the charge was false and upon trial therefor plaintiff was acquitted and discharged; that Whipple and Averill made the charge from motives of malice, and that there was no reasonable or probable ground for the prosecution.

The second count made all of the above allegations a part of it except the allegation as to malice and probable cause; and further alleged that defendants caused the false charge that he was intoxicated to be made without any reasonable cause; that plaintiff was arrested by Laird and placed in a cell in the police station in Putnam and there held and imprisoned for several hours; that on the next day he was arraigned in the Police Court of Putnam on the charge of intoxication, when defendants again falsely charged the plaintiff with this offense, and that he was acquitted and discharged by the court.

Defendants admitted all the allegations of the first count except that which alleged that the charge of intoxication was false, and that Whipple and Averill made the charge from motives of malice and that there was no reasonable or probable cause for the prosecution.

Defendants admitted all the allegations of the second count except that defendants caused the false charge of intoxication to be made without reasonable cause or right, and that plaintiff was brought before the court on the charge of intoxication and acquitted and discharged. So that it appears that the practical issue in dispute under each count was as to the truth of the charge of intoxication, and that there was no reasonable or probable ground for this charge.

So far as the present cause of action is concerned, the only misdemeanor upon which plaintiff was arraigned, tried and acquitted, was intoxication. The complaint did not allege that plaintiff was not intoxicated when arrested, and the answer did not allege that plaintiff was then intoxicated, and the court makes no finding as to this. But the court has found that there was probable cause for this charge, hence an essential element of the cause of action of malicious prosecution of the first count was not proven, and the action against defendants on the first count must fail.

The false imprisonment charged under the second count was made by defendant Laird, and Whipple and Averill are responsible only as they advised, aided and abetted him in it. It follows that if Laird is justified in what he did, they are also justified. The trial court held correctly that as to the intoxication "he was acting with reference to something within his own field of observation," and under the rule announced in *Price* v. *Tehan*, 84 Conn. 164, 168, 79 Atl. 68, at his peril. And since intoxication is the only offense referred to in the pleadings in this action, if the plaintiff had been found not intoxicated at and before the time of his arrest, the liability of the officer would be fixed. The trial court held that the acquittal of plaintiff upon the charge of intoxication, conclusively established the

fact that he was not intoxicated at the time charged. This is not the law. The judgment of a criminal court was not competent evidence to prove that plaintiff was not intoxicated, in an action between other parties. 2 Black on Judgments (2d Ed.) § 529; *Betts* v. *New Hartford*, 25 Conn. 180; *Commonwealth* v. *Cheney*, 141 Mass. 102, 6 N. E. 724. Therefore, whether or not plaintiff was intoxicated could have been tried out *de novo* in the action for false imprisonment, had it been made an issue in the case.

General Statutes, § 223, provides that sheriffs, police officers, and other officers, "in their respective precincts, shall arrest without previous complaint and warrant, any person for any offense in their jurisdiction, when the offender shall be taken or apprehended in the act, or on the speedy information of others; and all persons so arrested shall be immediately presented before proper authority." This Act was passed primarily to guide officers in dealing with persons believed to be committing, or to have committed, misdemeanors. *Price* v. *Tehan*, 84 Conn. 164, 79 Atl. 68. Laird, as we have already said, must act as to the charge of intoxication upon what he himself saw; he could not act as to this upon the speedy information of Whipple and Averill, for that offense was before him. The court has found that the plaintiff was in fact charged with two offenses, intoxication, and operating an automobile while under the influence of liquor or drugs. Laird had, under this statute, the right to arrest plaintiff for the misdemeanor of operating a motor-vehicle while under the influence of liquor or drugs, upon receipt by him of speedy information from Whipple and Averill. But the action for false imprisonment is based upon the charge of intoxication, and not that of operating a motor-vehicle while under the influence of liquor or drugs. The judgment is as to this count based upon

this latter offense which is not within the pleadings. Under our law a judgment upon facts outside the issues cannot be legally rendered. In *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490, 30 Atl. 772, we said: "A judgment must be according to the facts alleged as well as according to the facts proved; otherwise it is erroneous on the face of the record." In *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378, 35 Atl. 266, we said: "The verity of records and the conclusiveness of judgments alike require that the facts determined should be those only which are within the issues joined." Again, in *Ives* v. *Goshen*, 63 Conn. 79, 82, 26 Atl. 845, we said: "It is not enough that a party *proves* facts constituting a cause of action; he must also have alleged them before he can recover." We later wrote, in *Whiting* v. *Koepke*, 71 Conn. 77, 79, 40 Atl. 1053: "When the facts upon which the court in any case founds its judgment are not averred in the pleadings, they cannot be made the basis for a recovery. . . . Under the Practice Act the right to recover rests upon and is limited by the facts alleged in the complaint." The authorities from *Skinner* v. *Bailey*, 7 Conn. 496, 500, to *Ohlin* v. *Kowner*, 96 Conn. 394, 400, 114 Atl. 117, are numerous and uniform in adhering to and in enforcing this rule of practice. Unless the judgment can be based upon the existence of the charge of operating a motor-vehicle while under the influence of liquor and drugs, it cannot stand. Laird cannot justify under a charge which the record fails to show that the plaintiff was tried upon.

So far as the record discloses Laird has not justified. The circumstances are such that the defendants will undoubtedly be permitted by the Superior Court to amend their pleadings so that what the court calls the "real reason for the arrest of the plaintiff" may be before the court. In the present condition of the plead-

ings we have no recourse but to find error in the judgment rendered.

The rulings on evidence are not likely to arise on another trial and need not be considered.

There is error and a new trial is ordered.

In this opinion the other judges concurred.