## JOHN TRESS ET AL. vs. SIMONE PIVOROTTO.

*First Judicial District, Hartford, March Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A private right of way cannot be acquired by prescription over the route of a public highway; and, therefore, the trial court's conclusion in the present case that the plaintiff had acquired a prescriptive right of way over land of the defendant and was entitled to injunctive relief against interference with it, was legally inconsistent with its subordinate findings that the easement was co-extensive with an old public highway which had never been legally discontinued or its use by the public abandoned.

The plaintiff contended that the trial court's conclusion could be supported upon the theory that an individual who owns land abutting upon a public highway is entitled to maintain an action in his own right for protection against an obstruction or interference which results in an injury special and peculiar to himself as distinguished from the injury to the general public. *Held* that, while the principle invoked by the plaintiff was well recognized in our law, there was no room for its application in the present case in view of the allegations of the complaint which referred exclusively to a claimed private right of way.

A judgment must accord with the facts alleged as well as with the facts proved.

Argued March 4th—decided April 8th, 1926.

ACTION for an injunction to restrain the defendant from interfering with a right of way, brought to the Superior Court in New Haven County and tried to the court, *Peasley, J.;* judgment rendered for the plaintiffs, and appeal by the defendant. *Error and new trial ordered.*

*Thomas R. Robinson* and *Vincent P. Dooley,* for the appellant (defendant).

*Dennis W. Coleman* and *Humbert E. Mangini,* for the appellees (plaintiffs).

*Transferred from Third Judicial District.

HINMAN, J. The complaint alleged ownership by the plaintiffs, on April 15th, 1920, of a certain described tract of land in the town of Prospect, ownership by the defendant of another described piece of land, and that land of the New York, New Haven and Hartford Railroad Company lies between the land of the plaintiffs and that of the defendant; that for more than twenty years the plaintiffs "had and used, and still have an easement, viz.:—a right of way to pass and repass on foot from their own land over and across the land of the" railroad and "the land of the defendant" to a highway called the "Plank Road"; and that "said right of way is over and along an old highway which extended northerly from the New Haven Water Company's reservoir . . . over and across the land of the defendant to the Plank Road, so-called." It further alleged that the right of way "is the natural and necessary way from the plaintiffs' land to the highway, and the plaintiffs have no other outlet from their land"; also that the defendant, on or about April 15th, 1920, obstructed and prevented the plaintiffs from use and enjoyment of "said right of way." The prayers for relief were for an injunction against interference with the plaintiffs in the use of the "passway," and for damages. The answer amounted to a general denial. The judgment enjoined the defendant from further interference with the plaintiffs in the use of the "passway running over and along an old highway" over the land of the defendant.

The appellant pursues only six of the reasons of appeal, abandoning all others, including those which sought corrections of the finding; five of these surviving reasons invite an examination and review of conclusions of the trial court claimed to be inconsistent with, and precluded by, subordinate facts which are found. *Eaton* v. *Standard Oil Co.,* 100 Conn. 443,

124 Atl. 21; *Neff* v. *Neff,* 96 Conn. 273, 114 Atl. 126; *Hayden* v. *Allyn,* 55 Conn. 280, 11 Atl. 31.

The conclusions stated by the court to have been reached from the facts found are: "1. The right to pass and repass over said old highway as exercised by the plaintiffs' predecessors in title and by the plaintiffs is still in the plaintiffs. 2. The plaintiffs have acquired the right to use said old highway by adverse uses. 3. The acts of the defendant obstructing said old highway and preventing its use by the plaintiffs were wrongful and unlawful."

The finding contains facts adapted to support a conclusion that the plaintiffs had a prescriptive right of passage over land of the defendant, and the reference to the "old highway" in those paragraphs of the finding, in the conclusions, and in the recitals of the judgment, might be treated as merely descriptive of the location of the passway, in which sense these words were apparently also employed in the complaint. But the court also finds (paragraph five) that "an old highway extends from said Plank Road through said land of the defendant, and across said land of The New York, New Haven & Hartford Railroad Company, to said land of the plaintiffs," and (paragraph twenty-four) that "said old highway has never been legally discontinued, or its use abandoned by the plaintiffs or the public"; and the rule of law is that, although after the discontinuance of a public highway, a private right of way may be acquired by prescription over the same route, such a right of way cannot be so gained over land which is subject to use as a public highway. *Black* v. *O'Hara,* 54 Conn. 17, 5 Atl. 598; 19 Corpus Juris, 900. The existence of a public highway and continued use as such, which the trial court finds established as facts, therefore render legally inadmissible the conclusion that the plaintiffs have

acquired, by prescription, a private right of way over the land occupied by the highway, and judgment based upon such a prescriptive right cannot stand.

The appellees contend, though, that the finding that the way in question is a public highway does not deprive them of their right to redress in this action, and that the judgment is sustainable as affording the plaintiffs proper protection from interference with their right to use a public way. It is not required that all proceedings for protection against interference with highways or their use be brought by or on behalf of the general public; certain circumstances and conditions permit recourse to an action by individuals injuriously affected. The vacation or obstruction of a part of a highway, which destroys all access to highways by or from land abutting on the remaining part, thus putting the property on a *cul de sac,* is an injury peculiar to the owner of such land, distinguished from the rights common to the public generally, and for which the individual owner is entitled to maintain an action. *Knothe* v. *Zinzer,* 96 Conn. 709, 115 Atl. 477; *Park City Yacht Club* v. *Bridgeport,* 85 Conn. 366, 82 Atl. 1035; *Cullen* v. *New York, N. H. & H. R. Co.,* 66 Conn. 211, 33 Atl. 910. The allegations of the complaint in this case, however, clearly relate to a claimed private right of way by prescription or by necessity, and are, obviously, not adapted to, and do not contemplate, an action for an alleged injury, peculiar to the plaintiffs, by reason of obstruction of a public highway. The complaint entirely fails to state a cause of action for, or to afford a basis for a judgment directed against, such a special injury. A judgment must accord with the facts alleged as well as with the facts proved. *McKenna* v. *Whipple,* 97 Conn. 695 (118 Atl. 40) and cases collected at page 702. There is no occasion, therefore, to here consider whether the situa-

tion indicated by the facts found by the trial court ; such as would entitle the plaintiffs to judgment upon a complaint or count adequately alleging such facts.

We hold that the judgment, as applied to a private right of way, is rendered erroneous by the presence in the finding of facts inconsistent with and destructive of conclusions necessary to support it, and, as applied to interference with a public highway, lacks essential support from the pleadings.

The foregoing conclusions render the remaining reason of appeal inapplicable.

There is error and a new trial is ordered.

In this opinion the other judges concurred.