## THORNLEY LAND & LIVESTOCK CO. v. MORGAN BROS. LAND & LIVESTOCK CO.

No. 4891. Decided December 31, 1932. (17 P. [2d] 826.)

318

*J. D. Skeen* and *E. J. Skeen,* both of Salt Lake City, for appellant.

*King & King,* of Salt Lake City, for respondent.

CHERRY, C. J.

In this action the plaintiff alleged its individual ownership of a right of way, acquired by prescriptive use, over certain lands of defendant, and prayed for a decree judicially establishing its right and restraining defendant from interfering with the plaintiff's use thereof. After a trial, the plaintiff had a decree as prayed for, from which the defendant has appealed. Insufficiency of the evidence to justify or support the finding by the court of a prescriptive right of way in favor of the plaintiff is the principal ground upon which the decree is assailed.

In several particulars, it is contended that the evidence fails to establish the essentials of a right by prescription. We find it necessary to notice but one. The tract of land, traversed by the way asserted herein, is situated in Davis county, on the western slope of the mountains, immediately east of Layton. The way in question forms a part of a route between the settled portion of Davis county in the vicinity of Layton, and an extensive region of grazing and timber lands, situated in the mountains, some distance east.

The plaintiff's evidence respecting the origin and establishment of the road all plainly showed a use by the public for fifty years or more, for the purpose of trailing sheep and cattle, pack horses, and camp outfits, hauling wood, and for access to sawmills, etc. Without variation, the plaintiff's witnesses testified to the use of the road at all times by the public generally. Some of them testified expressly that it was recognized as and generally understood to be a public road and used by the public as such without objection, for many years. Other than a use of the road by the plain-

tiff and its privies, in common with the public, there was no evidence of any particular or individual right or claim on the part of the plaintiff.

While a public road may be so established, the use by individual persons in common with the public generally is regarded as permissive, and by such common use no individual person can acquire a right by prescription as against the owner of the fee. 19 C. J. 900; *Libertini* v. *Schroeder*, 149 Md. 484, 132 A. 64; *Tress* v. *Pivorotto*, 104 Conn. 389, 133 A. 35; *Providence, F. R. & N. S. Co.* v. *City of Fall River*, 187 Mass. 45, 72 N. E. 338.

The judgment is defended upon the grounds that the proof amply established the existence of a public road—citing *Lindsay L. & L. S. Co.* v. *Churnos*, 75 Utah 384, 285 P. 646. But such a right was not alleged in the complaint, nor decreed by the court. A decree establishing a private or individual right to a way is different in consequence and legal effect from a decree establishing a public way.

Had the action been for the purpose of judicially establishing a public road and restraining interference with the plaintiff's use thereof, a decree accordingly might well have been sustained by the evidence produced. But we have no such case. For the reasons stated, the evidence fails to establish an individual or private right in the plaintiff, and the decree cannot stand.

The judgment is reversed, and a new trial granted, with permission granted to amend the pleadings, if desired. Costs on appeal are awarded to appellant.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.