JOSEPH BROWN ET AL. v. JOSEPH NOVAK, ET AL.

SUPERIOR COURT    LITCHFIELD COUNTY    FILE No. 11447

Memorandum filed August 3, 1950.

*J. Clinton Roraback*, of Canaan, for the Plaintiffs.

*Harry Ossen*, of Torrington, and *Ralph S. Kantrowitz*, of Bridgeport, for the Defendants.

QUINLAN, J. The pleadings are basic in an arrival at the issues. *McKenna* v. *Whipple*, 97 Conn. 695, 702. Here reliance upon the assumption of a discontinuance of a public highway has been made, and the pleadings seem to rest upon a violation of a private right.

Originally the claim of discontinuance was as of 1868, which was later changed to 1923. In discontinuing a highway, the statutory method must be strictly followed; *Greist* v. *Amrhyn,* 80 Conn. 280; and the approbation of the town must be of the precise act of discontinuance made by the selectmen. This approbation "might be given before or after action by the selectmen." *New London* v. *N. Y. N. H. & H. R. Co.,* 85 Conn. 595, 601.

The evidence in the case shows user akin to that of a public highway. There is no evidence "of the public character of the act [of discontinuance] done, the length of time it has passed unchallenged" or the cessation of public use following the discontinuance. The statute governing discontinuance has been in force for many years and is now General Statutes, § 2147. It was the same in 1923. I cannot and do not find that the highway was legally discontinued. See *Greist* v. *Amrhyn,* supra, 288. What was done of record in 1868, seems to differ in no respect from what occurred in 1923. This gives rise to the suggestion, that the authorities probably felt in 1923, that a legal discontinuance had not been effected in 1868. If not then, with no additional selectmen action in 1923 it leaves us in the 1868 condition. With the depression and war years intervening since 1923, it cannot be said that a presumption should be applied, even if a presumption were available. That is, were it evident the selectmen had acted, it might be presumed their acts were according to law, under conditions not present here.

It did not, then, become a pent road. Such a road has most of the characteristics of a public highway. (See *Blakeslee* v. *Tyler,* 55 Conn. 387), and although a common subject of litigation in Vermont, is not the subject of statute in this state.

In the light of my conclusion that the highway was not legally discontinued, it is unnecessary to discuss adverse user, but the evidence was lacking of such, and confirms the public user. *Black* v. *O'Hara,* 54 Conn. 17. Moreover, a private right of way cannot be acquired by prescription over the route of a public highway. *Tress* v. *Pivorotto,* 104 Conn. 389.

Factually there is no doubt the road was barred. The defendants blow hot and cold. For the purposes of the bars they are, according to their brief willing to call the road a pent road. Were it not for the formality and definiteness required for discontinuance, so as to give parties a right to protect themselves on appeal, I might well find a discontinuance, except that the

evidence is of public user and the defendants say so, and so construe the testimony of the plaintiffs' witnesses. I also find that the defendants locked the gates.

However, even under such a state of facts, with the pleadings and evidence in mind I cannot assess damages in favor of the plaintiffs. An obstruction in the public highway, in the use of which an individual has no right except in common with the public generally, even if unauthorized and illegal, does not constitute an injury, for which such individual can maintain a private action, but the legal remedy is at the suit of the public, by indictment or information for a public nuisance. *Clark* v. *Saybrook,* 21 Conn. 313, 326; *Taylor* v. *Cooke,* 113 Conn. 162, 168. The easement of passing and repassing, as distinguished from the rights of an abutting owner are fully explained with illustrations in *Newton* v. *N. Y. N. H. & H. R. Co.,* 72 Conn. 420, 426, but that case says as to the former easement in the highway "For any injury to these rights [she] could not bring a private action."

I appreciate the difficulty that beset the plaintiffs with record votes substantiating their position and I realize what the passage of time does to public officials who in the time and day of the town's action might well have saved the situation here. Their meetings and doings should be as regularly recorded as the votes of a town meeting. Of course, it could be the selectmen of that time did absolutely nothing, but the law seems to be relentless in requiring "that the selectmen shall themselves act upon the question whether there shall be a discontinuance. Discontinuance is the result of judicial investigation and determination." *Greist* v. *Amrhyn,* 80 Conn. 280, 288; and even though there the selectmen had directed that the road should be fenced up, it was an equivocal act, says the court. Certainly "a town in town meeting could not discontinue a highway."

Judgment for the defendants with costs.