**Vasil S. THAMEL**

v.

**TOWN OF EAST HARTFORD et al.**

**Civ. No. B–417.**

United States District Court,
D. Connecticut.

Feb. 25, 1974.

---

L. Douglas Shrader, Bridgeport, Conn., for plaintiff.

James D. Mirabile, East Hartford, Conn., Richard F. Oburchay, and Richard P. Gilardi, Stratford, Conn., for defendants.

### RULING ON DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

NEWMAN, District Judge.

This motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, raises the important though infrequently litigated issue of a police officer's civil liability for false arrest when arresting for a misdemeanor.

Plaintiff brought suit against two police officers, their municipal employer, and his sister's husband, alleging the common law torts of false arrest and false imprisonment and the statutory tort of deprivation of civil rights, 42 U. S.C. § 1983. Jurisdiction was properly based both on 28 U.S.C. §§ 1332 and 1343(3). The jury was entitled to conclude from the evidence that plaintiff had driven his sister to the East Hartford apartment which his sister and her husband were both occupying. Plaintiff's sister asked him to remain overnight; her husband requested plaintiff to leave. Plaintiff accepted his sister's invitation. The following morning, the husband summoned two East Hartford police officers to the apartment. Without an arrest warrant, they arrested plaintiff and subsequently charged him with the misdemeanors of breach of the peace and trespass, Conn.Gen.Stat. §§

53–174, 53–103.[1] The criminal charges were subsequently nolled. The jury returned a plaintiff's verdict of $1,500 against the two police officers and the municipality, which, in these circumstances, is liable for the obligations of the officers, Conn.Gen.Stat. § 7–465.

Defendants' essential point is that the officers were "reasonably justified" in arresting for the crime of trespass and that "reasonable belief" justified an arrest for the crime of breach of the peace. The jury was not instructed in these terms. On the contrary, the jury was told that whether the officers were liable turned on whether in fact the plaintiff was committing an offense in the officers' presence.

The Supreme Court considered the standard for determining a police officer's civil liability under § 1983 in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In that case police officers had made arrests for violation of a Mississippi misdemeanor statute, subsequently held unconstitutional. The officers were sued under § 1983 and for common law torts. On appeal from verdicts against the officers, the Fifth Circuit held that the police officers could not invoke the defense of good faith to the § 1983 cause of action, but that, under Mississippi law, they had immunity on the common law cause of action because they had probable cause to believe the statute was being violated. Pierson v. Ray, 352 F.2d 213 (5th Cir. 1965). The Supreme Court reversed, holding that "the defense of good faith and probable cause, which the Court of Appeals found available to the officers in the common-law action for false arrest and imprisonment, is also available to them in the action under § 1983." 386 U.S. at 557, 87 S.Ct. at 1219.

■ Pierson leaves open the question of whether police officers in a § 1983 action always have a "good faith" or "probable cause" defense, or whether they have only whatever defenses they would have in common law actions for false arrest and imprisonment. The issue is important because the generally accepted common law rule does not accord police officers the "good faith" and "probable cause" defenses against suits arising out of warrantless arrests for misdemeanors. 1 Harper & James, The Law of Torts § 3.18, at 283 (1956). While the arrest in Pierson involved a misdemeanor, the Court's opinion seems to emphasize the availability of state common law defenses in § 1983 actions, rather than announcing a federal common law protection. The Court explicitly relied upon its earlier statement in Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that § 1983 "should be read against the background of tort liability. . . ." 386 U.S. at 556, 81 S.Ct. at 484. Apparently, Mississippi accords police officers qualified privileges when making misdemeanor arrests. But the Court's citation to the Harper and James treatise, 386 U.S. at 555, 81 S.Ct. 473, indicates that it was not mandating this defense for all jurisdictions, since the very section of the treatise cited by the Court states the general rule that a qualified privilege is not available in most jurisdictions for warrantless misdemeanor arrests. Accordingly, this Court concludes that a police officer's defenses to a § 1983 action are no greater than those available to him under pertinent state law.

■ In Connecticut, a state statute explicitly preserves the common law distinction that warrantless arrests may be made by police officers for felonies upon probable cause, but for misdemeanors only if the act is occurring in the presence of the officers, or on the speedy information of others. Conn.Gen.Stat. §

---

1. Section 53–174 provides: "Any person who disturbs or breaks the peace by . . . noise or behavior . . . shall be fined not more than five hundred dollars or imprisoned not more than one year or both." Section 53–103 provides: "Any person who, without right, enters or remains upon the premises of another after having been forbidden to do so by the owner of such premises . . . shall be fined not more than fifty dollars."

6–49.[2] The Connecticut Supreme Court has denied a police officer a "good faith" or "probable cause" defense in a suit for false arrest for a misdemeanor. McKenna v. Whipple, 97 Conn. 695, 700, 118 A. 40 (1922); Price v. Tehan, 84 Conn. 164, 168, 79 A. 68 (1911). Therefore, the test in this case is not whether the officers were reasonably justified in making the arrest, but whether the misdemeanor offenses were in fact occurring in their presence.

 Defendants principally urge that a violation of the criminal trespass statute was in fact occurring. They rely on the statutory provision that penalizes a person who remains on the premises of another "after having been forbidden to do so by the owner." Conn.Gen.Stat. § 53–103. The jury was instructed that it could find plaintiff was not in violation of the trespass statute if his sister was a co-tenant with her husband and if she consented to her brother's presence in the apartment. Since the jury by its verdict found both facts in the plaintiff's favor, the verdict can be set aside only if a trespass is committed under Connecticut law when one of two co-tenants requests a third party to leave the premises, contrary to the express invitation of the other co-tenant. Such an interpretation of the statute would be in derogation of the common law, 87 C.J.S. Trespass § 155, p. 1110 (1954); see Harris v. Ansonia, 73 Conn. 359, 362, 47 A. 672 (1900), stating that a license from a co-tenant would be a defense against an action for common law trespass. Connecticut's criminal trespass statute should not be broadly construed to penalize conduct

that was not actionable as a common law tort. Defendants also urge that the evidence showed an actual violation of the breach of the peace statute, but the jury was warranted in finding otherwise, apparently accepting . the testimony of plaintiff and his sister.

Accordingly, defendants' motion for judgment notwithstanding the verdict or for a new trial is denied.

---

2. Section 6–49 provides: "[P]olice officers . . . shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when such person is taken or apprehended in the act or on the speedy information of others, and members . . . of any local police department . . . shall arrest, without previous complaint and warrant, any person who such officers has reasonable grounds to believe has committed or is committing a felony. . . ."

Defendants do not urge that these arrests can be justified under the "speedy information" clause. Precisely what meaning this clause has in the context of warrantless arrests for misdemeanors is not clear. In any event, there were not present in this case such exigent circumstances as might, in some situations, justify a warrantless misdemeanor arrest on the report of a third person.