ANGELA VALU *v.* JOHANNES E. VAN MECKLENBURG

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 77

Argued October 15, 1975—decided January 9, 1976

*Leslie Szilagyi,* for the appellant (defendant).

*John P. Sjovall,* for the appellee (plaintiff).

DAVID M. SHEA, J. The defendant was engaged in the business of offering flights by chartered airplane to Europe through mail solicitations. In response to one of those solicitations the plaintiff on May 9, 1972, wrote to the defendant requesting three seats on the July 12, 1972 charter flight to Budapest, Hungary, and she enclosed her check in the sum of $759 for three reservations. The defendant replied by mail that there were no seats available for the flight requested but that the plaintiff would be placed on the waiting list and her check would be kept on file. By letter dated May 25, 1972, the plaintiff requested reservations on a particular flight to Vienna, Austria, leaving on August 3, 1972, and returning on September 4, 1972. The defendant, however, confirmed reservations for a different flight, which the plaintiff refused, requesting the return of her money.

On June 26, 1972, the defendant advised the plaintiff in writing that seats were available on the flight of July 12, 1972, to Budapest, which she had originally requested. By letter of the same date the plaintiff replied that she would take that flight but requested the defendant to send her more information. He replied by means of a handwritten note on her letter: "We sent you the final departure information, hopefully you received." On July 5, 1972, the plaintiff telephoned the defendant to inquire about the flight, and he told her that he had sent the departure form and that she should do what it says. On July 11, 1972, still not having received the final departure information, the plaintiff telephoned the defendant again, but he refused to tell her anything about the flight. The next day the plaintiff went to the residence of the defendant

who told her that she was supposed to be at the airport that day and that she would miss the flight. He also summoned a police officer to his home. The plaintiff wrote another letter demanding the return of her money. She also managed to take another flight through a different agency to Budapest, departing July 16, 1972, and returning August 15, 1972.

From those facts, as recited in the finding, the trial court concluded that "no clear meeting of the minds was formalized" between the parties and entered judgment for the plaintiff to recover the money she had paid. As the defendant argues, the conclusion that no binding contract was formed is inconsistent with the subordinate facts. It is also at variance with the complaint, which alleged that the plaintiff had accepted the defendant's offer but that the defendant refused or neglected to confirm the reservations. The letter of the plaintiff dated June 26, 1972, was an unequivocal acceptance of the defendant's offer of reservations for the flight to Budapest on July 12, 1972. The request for "more information" in that letter did not constitute a conditional acceptance which might have prevented or deferred formation of the contract. That request could have referred only to the flight departure information which the plaintiff continued to seek in her later telephone conversations and which the defendant claimed to have sent. In the first printed circular received by the plaintiff from the defendant, entitled "1972 European Charter Schedule," it is stated that "approximately four weeks before departure you will receive the exact dates/times, with all other up to date details of your flight." The reference to "more information" in the acceptance letter did not leave open an essential term of the contract or purport to modify the offer, but merely noted one of the conditions of the earlier solicita-

tion which the plaintiff justifiably assumed was implicit in the defendant's most recent proposal. *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.,* 87 Conn. 691, 695.

The subordinate facts found, nevertheless, would support a judgment for the plaintiff on the ground that the defendant failed to fulfil his obligations under this condition of the agreement. The finding of the trial court that the defendant neglected or refused to send the flight departure information to the plaintiff as promised in the earlier solicitation is amply supported by the evidence. His attempt to brush off her telephone calls, made in accordance with an instruction in the same circular to notify him if the flight departure information was not received, demonstrated a callous disregard of his contractual obligations.

The conclusion that the defendant did not "sufficiently communicate or adequately accomplish a set travel arrangement" may be construed as referring to that breach of contract on the part of the defendant rather than to the absence of any contract. In any event, "[a] judgment responsive to the issues and supported by the facts should stand, even if the court's method of reaching its decision might be questionable." *Malone* v. *Steinberg,* 138 Conn. 718, 723. We may properly sustain a decision reaching the right result even though it was based on the wrong grounds. *Powers* v. *Common Council,* 154 Conn. 156, 161. The plaintiff has alleged and proved facts sufficient to warrant judgment in her favor for breach of contract. To affirm the judgment on that theory of the case would not result in a decision on issues not raised at the trial. *Malone* v. *Steinberg,* supra, 721; *McKenna* v. *Whipple,* 97 Conn. 695, 702.

Another conclusion of the trial court, that "the plaintiff had to make her schedule on her own free

unobligated schedule to suit herself and her duties," is attacked by the defendant as contrary to certain civil aeronautics board regulations which restrict refunds of charter flight reservation payments to a few special situations, such as the death or illness of a customer. Whatever the significance of that conclusion, however, it is clear that the trial court did not render judgment for the plaintiff on the ground that she had the right to cancel her reservations at will without penalty. It does not appear that any claim based on those federal regulations was raised at the trial, the first reference to the matter having been made in the assignment of errors.

It is also claimed that the trial court erred in finding that the defendant failed to send the necessary flight information to the plaintiff, despite her repeated telephone requests. That finding is adequately supported by the plaintiff's testimony, which the trial court chose to believe. The fact that the defendant testified to the contrary, denying any telephone conversations with the plaintiff at all, is of no consequence. We cannot retry the facts.

There is no error.

In this opinion SPEZIALE and SPONZO, Js., concurred.