[Civ. No. 27783.   Second Dist., Div. Four.   Feb. 19, 1964.]

JOHN E. NEWMAN, Plaintiff and Respondent, v. LESLIE BROCK LARSEN, Defendant and Appellant.

Samson, Goldwasser & Fry and Maurice Rose for Defendant and Appellant.

F. Rodman Woelfle and Charles Murstein for Plaintiff and Respondent.

BURKE, P. J.— Defendant was convicted in a prior criminal proceeding of assault with a deadly weapon, in violation of Penal Code section 245. At the conclusion of trial the information was amended, changing the word "deadly"

to "dangerous" and defendant was granted probation on conditions which included payment for damages resulting from the injuries. The victim of the assault thereafter brought this civil action for damages for assault and battery for the critical injuries sustained.

Counsel for plaintiff urged the collateral estoppel principle announced in *Teitelbaum Furs, Inc.* v. *Dominion Insurance Co., Ltd.*, 58 Cal.2d 601, 607 [25 Cal.Rptr. 555, 375 P.2d 435], under which ". . . any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action," and moved to reopen the case to permit introduction into evidence of the file of the criminal proceedings in which defendant was convicted. The motion was granted over objection of defendant, the court remarking to counsel for defendant, "If you have a case which would deny the doctrine of *Teitelbaum*, then you would have judgment for the defendant." After submission of the matter, judgment was entered for plaintiff from which defendant appeals.

The court held that the issue of liability of defendant for committing an assault with a dangerous weapon upon the person of plaintiff was established by his former conviction in the criminal proceeding and was binding upon the court in the civil proceeding.

The court gave judgment in favor of plaintiff for $25,000. Finding of fact XVI reads as follows: "Pursuant to the authority of the case of *Teitelbaum Furs, Inc.* v. *The Dominion Insurance Company, Ltd.*, 58 A.C. 615 [58 Cal.2d 601 (25 Cal.Rptr. 555, 375 P.2d 435)], the [court] received into evidence the criminal file of the case of *People* v. *Leslie Brock Larsen* wherein the defendant herein, Leslie Brock Larsen had been found guilty of violation of Penal Code section 245 of the State of California, and the plaintiff herein, John E. Newman was the victim of said violation. Under the *Teitelbaum* case, the court ruled that the liability had been determined in the criminal proceedings and the court's findings on liability are based on the finding of guilt of the criminal trial heretofore set forth."

The court also found the allegations of paragraph V of plaintiff's complaint true (except as to the amount of damages alleged to have been suffered). Paragraph V states, in part: ". . . the defendants [fictitious defendants indicated by the plural] . . . unlawfully, violently and maliciously . . . assaulted the plaintiff with a carbine rifle and shot plaintiff

through his right hip .... As a proximate result of the assault and battery of defendants [*sic*], ... [p]laintiff herein was hurt and injured ....''

The judgment ultimately entered represents a reversal of the interim attitude of the trial court as expressed by it in the remarks above quoted. However, such remarks form no part of the judge's findings of fact or conclusions of law and must be disregarded by us. It is only the findings, conclusions and judgment actually entered which are before us for review (*DeCou* v. *Howell*, 190 Cal. 741, 751 [214 P. 444].)

The doctrine of collateral estoppel, prescribed by the decision in *Teitelbaum, supra,* makes conclusive in this proceeding ''any issue *necessarily* decided [italics added]'' in the criminal proceeding against defendant. ▮ Specific intent is not necessary for the crime of assault with a deadly weapon. (*People* v. *Sandoval,* 222 Cal.App.2d 348, 351 [35 Cal.Rptr. 227].) Intent may be implied from the commission of wrongful acts evidencing wanton, wilful or reckless disregard for human safety. (*Lopez* v. *Surchia,* 112 Cal.App.2d 314, 318 [246 P.2d 111]; *Lowry* v. *Standard Oil Co.,* 63 Cal.App.2d 1, 7 [146 P.2d 57].) ▮ Thus, the minimal intent requirement of the crime for which defendant stands convicted, and therefore an issue *necessarily* decided in the criminal case, was that defendant had so acted with a wanton, wilful disregard for human safety. Under the rule in *Teitelbaum, supra,* the trial court in the civil action was likewise requested to find, at least, that the assault on plaintiff was committed with wanton and wilful disregard for human safety. It follows that if defendant's actions in committing the assault were such that his intent to injure is necessarily implied, then, with respect to any injury which resulted from the battery accomplished as a consequence of the assault, his intent to injure is also necessarily implied.

We construe the language of the trial court, in finding XVI, that the liability of defendant is ''based on'' the criminal conviction, as meaning that the trial court found, as *Teitelbaum* required it to do, that defendant committed the assault with the implied intent of doing injury. Finding itself bound by this judgment in the criminal action, the court necessarily reversed its original announced belief, that defendant had not intended to injure plaintiff. In support of the judgment we must infer the trial court reasoned that defendant, having been found to have acted with wanton disregard for the safety of others in the eyes of the law, had

acted "... unlawfully, violently and maliciously ...," as alleged in paragraph V of plaintiff's complaint, which allegations the court found to be true. So construed, the findings are consistent and the judgment is supported.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 15, 1964.