George W. ROSS, Jr., Appellant,

v.

Joseph LAWSON, Appellee.

No. 12767.

District of Columbia Court of Appeals.

Argued Aug. 9, 1978.

Decided Nov. 16, 1978.

Stanley A. Camhi, Washington, D. C., for appellant.

Howard J. McGrath, Camp Springs, Md., for appellee.

Before YEAGLEY and FERREN, Associate Judges, and HOOD, Chief Judge, Retired.

HOOD, Chief Judge, Retired:

Joseph Lawson, appellee, shot George Ross, appellant, several times with a .22 caliber revolver, and was found guilty by a

jury of assault with a dangerous weapon, a felony.[1] At trial, Lawson admitted shooting Ross but claimed to have acted in self-defense. On appeal to this court, we affirmed his conviction.[2]

The present civil action was brought by Ross against Lawson for damages resulting from the injury caused by the gunshot wounds. At the start of the trial, Ross asked for a directed verdict on the issue of liability, asserting that Lawson, by reason of his criminal conviction, was collaterally estopped to contest his liability. In other words, he argued that the conviction in the prior criminal action conclusively established the assault with a deadly weapon.

The trial court denied the request for a directed verdict and instead instructed the jury that the prior criminal conviction constituted a prima facie case for Ross who was bound to prove only his damages, and that the burden shifted to Lawson to rebut Ross's prima facie case.

In support of his claim of self-defense, Lawson testified that he was 20 years older than Ross, that, disabled by a bad back, he was living on a disability pension and was unable to fight; that Ross always carried a knife and bragged about his prowess with it (appellee's br., p. 7); that Ross had made threats on his life, and he carried a gun because of those threats; that on the occasion in question Ross struck him from behind with a rock; that he could not fight back and as Ross continued to beat him, he pulled his gun and shot Ross (appellee's br., p. 9). Evidently persuaded by this testimony, the jury returned a verdict in favor of Lawson.[3]

Ross's principal claim of error in this appeal is that the trial court should have ruled that the conviction in the criminal action collaterally estopped Lawson from contesting liability in the civil action.[4]

Formerly, it was generally held that a conviction for assault and battery was inadmissible in evidence in a civil action to recover damages therefor.[5] In recent years, however, a number of jurisdictions have held under the doctrine of collateral estoppel or issue preclusion that in some factual situations a prior conviction may conclusively establish in a civil action the issue adjudged in the criminal case.[6] The doctrine has been most frequently applied where one previously convicted of a crime seeks in a civil action recovery of damages for his criminal conduct;[7] and, in some

1. D.C.Code 1973, § 22–502.

2. *Lawson v. United States,* No. 9196 (D.C.App., Dec. 18, 1975).

3. In addition to defending on the ground of self-defense, Lawson filed a counterclaim for alleged assault and battery on him by Ross. The jury found against Lawson on this claim, and he has taken no appeal.

4. Appellee argues that because appellant moved for a directed verdict on the issue of liability prior to the opening statements, and after denial of his motion, presented evidence on the issue of liability, but did not move for a directed verdict at the close of all the evidence or object to the jury instructions, he waived his right to except to the court's ruling. For this proposition, appellee relied on *Gleason v. L. Frank Co.,* D.C.App., 328 A.2d 96 (1974), and cases there cited. Those authorities do not apply to the present situation. Here, appellant, perhaps using wrong terminology, sought a ruling of law which would control the trial of the case. His position was made clear to both the court and opposing counsel. When the court ruled against appellant, the trial proceeded under the court's ruling. Having clearly made his point and obtained a ruling at the beginning of the trial, we see nothing that required appellant to repeat his request.

5. 6 Am.Jur.2d *Assault and Battery,* § 215 (1963); 50 C.J.S. *Judgments* § 754b (1947).

6. *See Palma v. Powers,* 295 F.Supp. 924 (N.D. Ill.1969), with its excellent discussion of the subject. *See also Collateral Estoppel,* 11 Willamette L.J. 176 *et seq.* (1975).

7. *See, e. g., Eagle, Star & British Dominions Ins. Co. v. Heller,* 149 Va. 82, 140 S.E.2d 314 (1927); *Austin v. United States,* 125 F.2d 816 (7th Cir. 1942); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1963), *cert. denied,* 372 U.S. 966, 83 S.Ct. 1091, 10 L.Ed.2d 130 (1963); *Travelers Ins. Co. v. Thompson,* 281 Minn. 547, 163 N.W.2d 289 (1968), *app. dismissed,* 395 U.S. 161, 89 S.Ct. 1647, 23 L.Ed.2d 175 (1969).

jurisdictions, it appears restricted to such situations.[8]

Other jurisdictions, however, do not confine the doctrine to preventing recovery by the convicted criminal, but apply it to situations where recovery is sought against the criminal. Thus, in *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, 625–26, *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965), the court stated the question to be: "In a civil suit against a convicted extortioner to recover the extorted money, is proof of the conviction of the extortion conclusive evidence of the fact of extortion?" Answering that question, the court said: "We are equally of the opinion that when one has been convicted of a felony, the result of which is of financial benefit to him, the record of his guilt should bar his avoidance of restitution therefor."

In at least two cases with factual situations nearly identical to that before us, the doctrine of collateral estoppel has been applied. In *Newman v. Larsen,* 225 Cal. App.2d 22, 36 Cal.Rptr. 883 (1964), it was held that the issue of liability of defendant for committing an assault with a dangerous weapon upon plaintiff was established by defendant's former conviction in a criminal proceeding. And in *Read v. Sacco,* 49 App. Div.2d 471, 472, 375 N.Y.S.2d 371, 373 (1975), a civil action to recover damages for personal injuries resulting from an assault, it was held: "Under the doctrine of collateral estoppel the defendant cannot contest again the essential issues of an intentional assault."

Appellee, pointing out that the common law of this jurisdiction is derived from the common law of Maryland,[9] urges us to adopt the Maryland rule stated in *Galusca v. Dodd,* 189 Md. 666, 669, 57 A.2d 313, 314 (1948), as follows:

> This Court has formulated the rule that, in the trial of a suit for damages for assault, evidence that the defendant has been tried and convicted for the assault

in a criminal prosecution is inadmissible in chief for the purpose of proving the fact that the assault was committed, but such evidence may be admitted on cross-examination of the defendant.

Despite our respect for the Maryland courts, we find its rule unpersuasive; and we note that in this jurisdiction at least three trial judges in civil actions have held that a prior criminal conviction may conclusively bar relitigation of an issue determined in the criminal case.

In *Stagecrafters' Club, Inc. v. District of Columbia Division of American Legion,* 111 F.Supp. 127, 129 (D.D.C.1953), a civil action by a former tenant, a prior conviction of the tenant for the sale of liquor on the premises was received in evidence as "at least prima facie evidence of those facts." Judge Keech's reasoning was:

> In a situation such as this, common sense and good judicial administration dictate that the civil court shall not retry at length, more than two years after the occurrence, issues which were fairly determined in a criminal proceeding, when the evidence was fresh, by a competent tribunal after full litigation by the party against whom the conviction is offered in evidence.

In *Travelers Indemnity Co. v. Walburn,* 378 F.Supp. 860, 865 (D.D.C.1974), a suit by an insurance company for a declaratory judgment that it was not obligated to defend certain claims against the defendant arising from an incident for which defendant had been convicted of murder in the second degree, Judge Gasch ruled that the criminal conviction was "conclusive evidence" of the issue there determined.

In an action very similar to the one before us, *Anderson v. Hill,* No. CA 629–76 (D.C.Super.Ct., Mar. 20, 1978), 106 Wash.D. L.Rptr. 8057 (May 3, 1978), Judge Revercomb was faced with a motion for partial summary judgment on the issue of liability based on the defendant's criminal convic-

---

8. *Aetna Casualty & Surety Co. v. Anderson,* 200 Va. 385, 105 S.E.2d 869 (1958); *Taylor v. Taylor,* 257 N.C. 130, 125 S.E.2d 373 (1962).

9. *Linkins v. Protestant Episcopal Cathedral Foundation,* 87 U.S.App.D.C. 351, 187 F.2d 357 (1950).

tion by a jury, affirmed on appeal, for assault with a dangerous weapon on the minor plaintiff. In an excellent opinion reviewing the authorities on the subject, Judge Revercomb concluded that the prior criminal conviction estopped the defendant from challenging liability in the civil action, and granted the motion for partial summary judgment.

We agree with Judge Revercomb and hold that, having been convicted by a jury of assault with a dangerous weapon and that conviction having been affirmed on appeal, appellee, when sued in a civil action for damages resulting from that assault, could not relitigate the issue of liability for the assault.

*Judgment reversed with instructions to grant a new trial in accordance with this opinion.*