Filed 1/18/22  Mulvihill v. McDavid CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GREGORY MULVIHILL, | D077204 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2017-00000618-CU-PO-NC) |
| WELDON MCDAVID, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Weldon McDavid, in pro. per., for Defendant and Appellant.

Law Offices of William C. Halsey, William C. Halsey and William Lionel Halsey for Plaintiff and Respondent.

Self-represented defendant Weldon McDavid is currently incarcerated in state prison after he was convicted of conspiring and attempting to murder plaintiff Gregory Mulvihill. We affirmed the judgment on appeal. While the criminal proceedings were pending, Mulvihill brought this civil action against McDavid seeking damages for assault and battery. Following McDavid's criminal conviction, and based on his various failures to defend against Mulvihill's civil lawsuit, the superior court struck his answer and ultimately entered a default judgment, from which McDavid now appeals.

It is self-evident that an incarcerated self-represented civil litigant faces significant obstacles in attempting to defend against a lawsuit. Many of these are a function of self-represented status and the lack of financial resources. But these impediments are only compounded by the added difficulties an incarcerated individual faces in understanding the court proceedings and responding appropriately. In two thoughtfully composed handwritten briefs, McDavid catalogs these obstacles as he strenuously complains about how the legal system has treated him.

While we can appreciate McDavid's frustration with what may appear to be arcane procedural rules and confusing legal terminology, in the end this appeal is not so much about how and when McDavid can present his defense to a civil claim, but whether or to what extent he has a defense at all. Even if we were to reverse the judgment and vacate the default, and we do not mean to suggest that is the appropriate result, the "defense" McDavid wants to present—that his "conviction was obtained by false evidence"—is foreclosed by the final judgment in his criminal case, entered in a proceeding in which he was fully represented by legal counsel. Unless and until the criminal conviction is successfully challenged, highly unlikely now that McDavid has

2

exhausted all direct appellate attacks, reversing the judgment in this civil case would be an idle act. Instead, we are compelled to affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On a moonless night in September 2016, McDavid shot Mulvihill in the chest with an AR-15 assault rifle, having lured him to a remote location with a pretext phone call. The evidence in his criminal trial showed that McDavid agreed with codefendant Diana Lovejoy, with whom he had an extra-marital relationship, on a plan to kill Mulvihill, Lovejoy's ex-husband. McDavid (a retired Marine Corps shooting instructor) admitted to shooting Mulvihill, but testified he was only trying to hit the flashlight that Mulvihill was carrying and did not intend to injure him. Rejecting this testimony, the jury found both McDavid and Lovejoy guilty of attempted murder and conspiracy to commit murder. (See *People v. Lovejoy* (July 28, 2020, D073477) [nonpub. opn.] (*Lovejoy*).)[1]

Nearly a year before the criminal trial, Mulvihill filed a civil lawsuit against McDavid and Lovejoy for assault and battery. McDavid was initially represented by counsel. His lawyer substituted out of the case shortly after the verdict in the criminal case, leaving McDavid to represent himself. When McDavid failed to respond to discovery, the court granted Mulvihill's request to deem admitted the first set of requests for admission. (See Code Civ. Proc., § 2033.280, subd. (b).) Even so, the court denied Mulvihill's accompanying motion for terminating sanctions.

---

[1] Because we deal with the preclusive effect of the judgment in McDavid's criminal case, we take our description of the underlying facts from our prior opinion in that case.

A little more than a month later, at a continued trial readiness conference where no one appeared on his behalf, the court denied McDavid's written request for a trial continuance, struck his answer, and entered default. Lovejoy's default was also entered at the same time. Following a default prove-up hearing, the court entered judgment against McDavid and Lovejoy, awarding $1,000,000 in compensatory damages jointly and severally. It also awarded $500,000 in punitive damages against each defendant individually.

## DISCUSSION

In a two-page opening brief, McDavid attempts to challenge the adverse judgment. He admits that he did not respond to discovery—and specifically the requests for admission—but asserts they "did not make sense" and he "ignored them rather than attempt to correct and answer them." He decries his lack of legal representation and describes how he sought to delay the proceedings as he tried unsuccessfully to deal with the various obstacles he faced as an incarcerated self-represented litigant, including a lack of access to the internet and relevant documents. As a result, he says, he was "afforded no opportunity to defend [his] interests" or to contest the "false and misleading evidence" that led to his criminal conviction. He makes similar claims in his reply brief, criticizing his criminal defense lawyer and maintaining that if only "[g]iven the opportunity" he could "prove the allegations against [him] false."[2]

McDavid largely fails to explain how the superior court erred in deeming admitted Mulvihill's first set of requests for admission. And while

---

[2] In contrast to contentions about his liability, McDavid's appellate briefing makes no argument that he was improperly denied the opportunity to contest the amount of damages.

4

we can appreciate why he might question the denial of his request to continue trial after he explained that, as a result of his incarcerated status, he could neither attend the trial personally nor hire a lawyer to represent him, McDavid has a more fundamental problem.

In *Teitelbaum Furs, Inc. v. Dominion Ins. Co.* (1962) 58 Cal.2d 601 (*Teitelbaum*), the Supreme Court explained the doctrine of issue preclusion as applied to questions in a civil case that were already litigated in a related-but-earlier criminal proceeding. Justice Traynor's opinion stated that "any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action." (*Id.* at p. 607.) "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.) McDavid has exhausted his direct appellate remedies.[3] His appeal to this court was decided in July 2020, and his petition for review to the California Supreme Court was denied on September 30 of that year. His attempted murder liability was actually litigated and necessarily decided in the criminal action, in which he was the defendant. The only remaining question is whether the criminal case resolved "an identical issue."

---

[3] McDavid also made several unsuccessful indirect attacks on his conviction by means of petitions for writ of habeas corpus asserting, among other things, the erroneous admission of evidence, prosecutorial misconduct, and ineffective assistance of counsel. (*In re McDavid* (Apr. 23, 2021 D078791) [petn. den.]; *In re McDavid* (May 25, 2021, D078948) [petn. den.]; see generally *Mueller v. J. C. Penney Co.* (1985) 173 Cal.App.3d 713, 719–721 [theoretical availability of collateral attack, without more, does not preclude application of collateral estoppel].)

Here, in convicting McDavid of attempted murder and conspiracy to commit murder, the jury in the criminal case necessarily determined that he shot Mulvihill with an intent to kill. Proof of these facts establishes his liability for battery. (See *So v. Shin* (2013) 212 Cal.App.4th 652, 668–669 (*So*).) Both the required mental state and the burden of proof on the criminal charges of which he was convicted are greater than is required to prove the civil claim. Under the circumstances of this case, the critical issues in the civil action were "necessarily decided" adversely to McDavid in his prior criminal proceeding. Had this matter proceeded to trial, McDavid would not have been permitted to contest the facts that establish his civil liability as already determined by the criminal jury.[4]

*Newman v. Larsen* (1964) 225 Cal.App.2d 22 (*Newman*) illustrates the principle. In that case, a criminal defendant was convicted of assault with a dangerous weapon. Thereafter, the victim brought a civil suit against the defendant for assault and battery in an attempt to recover for the injuries he suffered in the assault. Relying on *Teitelbaum*, the appellate court affirmed a judgment in favor of the plaintiff, approving the trial court's conclusion that "the issue of liability of defendant for committing an assault with a dangerous weapon upon the person of plaintiff was established by his former conviction in the criminal proceeding and was binding upon the court in the civil proceeding." (*Newman*, at p. 23.)

---

[4]  In addition to the act (the shooting) and intent, civil liability for battery also requires proof that the plaintiff was harmed by the touching. (*So, supra,* 212 Cal.App.4th at p. 669.) Here, in his trial testimony McDavid acknowledged that his shot hit Mulvihill in the chest. (*Lovejoy, supra,* D073477.) McDavid's trial testimony amounts to a judicial admission he cannot now dispute, and his briefing does not suggest otherwise. (See *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 47–48 [judicial admission resulting from trial testimony].)

Just as the criminal judgment established the defendant's civil liability in *Newman*, so it does here. Even if the court erred in striking McDavid's answer and entering his default, he fails to establish that he suffered any cognizable prejudice as a result.

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs.

DATO, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

7