## BETTS AND OTHERS *vs.* NEW HARTFORD.

A judgment rendered in a criminal prosecution, is not admissible as evidence in a civil cause, although the same questions of fact may be in issue in both.

Where on the hearing of a petition for a highway before the commissioners, the respondents offered in evidence a certified copy of a writ of error brought to the superior court, to obtain a reversal of a judgment of the county court, rendered against one of the petitioners, on a complaint charging him with erecting a nuisance upon land over which a part of the highway prayed for was located, accompanied by other evidence tending to show that said highway was located in part over land already dedicated to the public: it was held, that the refusal of the commissioners to receive such copy in evidence, was no ground for setting aside their report laying out such highway.

County commissioners are not judges within the meaning of the constitution of this state, art. 5, sec. 1, which provides that "no judge or justice of the peace shall be capable of holding his office after he arrives at the age of seventy years."

Where the three county commissioners to whom was referred a petition for a highway, were unanimous in their report; it was also held, that even if one of them, who was more than seventy years of age at the time of the hearing, was to be regarded as disqualified on that account, the other two would constitute the committee, and could make their report as the entire board.

Where on the hearing of such petition before the commissioners, the respondants offered evidence to prove, that the owner of the principal part of the land over which the highway prayed for was laid, and also of the adjoining land, sold building lots adjoining said highway, and in his deeds bounded them upon " West Street," and made and publicly exhibited a plan in which "West Street" was laid down, and that a church and other buildings had been erected upon the land so sold, and that the land called " West Street" in said deeds, was unenclosed and used as a public highway, and thereupon claimed that said proprietor should be estopped from denying that West Street was a public highway, and especially from claiming or receiving damages for taking it for said highway; but the commissioners received also much other and contradictory testimony, and upon the whole evidence found, that said " West Street" had not been dedicated to the public, and proceeded to lay out said highway over said " West Street," and to assess damages therefor; it was held, that such course was correct.

Where on the hearing of a remonstrance against the acceptance of a report of commissioners, laying out a highway, the remonstrants offered evidence to prove that the greater part of the land over which the highway was so laid out, had been previously dedicated to the public; it was held, that such evidence related to a question of fact, over which the commissioners had exclusive jurisdiction, and was inadmissible upon the hearing of the remonstrance.

In a petition against a town for a new highway, the assessment of excessive damages by the county commissioners to individuals, occasioned by the laying out of such highway, does not entitle the town to a re-assessment of damages.

THIS was a petition brought to the term of the county court for the county of Litchfield, holden in December, 1854, by J. H. Betts and others, praying that a highway might be laid out in the town of New Hartford, in Pine Meadow.

The petition was referred to the county commissioners, who surveyed and laid out the highway, and made their report to the superior court, at its November term, 1855. Against the acceptance of this report the defendants filed a remonstrance, upon the hearing of which the court found the following facts.

On the hearing before the commissioners, the respondents offered in evidence a paper purporting to be a certified copy of a writ of error brought by Hermon Chapin, one of the petitioners, to obtain a reversal of a judgment by the county court, against said Chapin, which had been rendered in a prosecution charging him with the erection of a nuisance upon a public highway, accompanied with proof, that the highway prayed for in the petition covered in part the same ground which in said prosecution was described as a public highway, and upon which said Chapin was charged with erecting a nuisance, and accompanied also with other evidence tending to show that the new highway prayed for, was located, in part, over lands already dedicated to the public, by said Chapin and others, as a public highway. To the admission of this paper in evidence, the petitioners objected, on the ground that it was not properly authenticated as a record of the conviction of Chapin, by the county court; and also upon the ground that even if properly authenticated, it was not admissible, either alone or in connection with the other evidence, to prove any of the matters in issue between the parties, and the commissioners thereupon refused to receive such paper in evidence.

It was claimed on the trial before the commissioners, that the principal part of the land over which the new highway was prayed to be laid, had been dedicated to the public as a highway, by said Chapin and Darius B. Smith. Said Smith, being examined as a witness in behalf of the respondent, testified that he had given a part of his land to the public ;

but upon cross-examination, said he wanted damages if others had damages, whose land was similarly situated, and no other claim for damages was made by Smith.   The commissioners found, upon the whole evidence, that the land concerning which Smith so testified was not fully dedicated, and had not become a public highway, and thereupon allowed to Smith a small sum, as damages for said land.

One of said commissioners, Stephen Deming Esq., was at the time of said trial, over seventy years of age.   The respondents objected to his sitting, for that reason, but he acted upon said trial as one of the commissioners, and as presiding officer of the board.   It was proved that the commissioners were unanimous in their final decision of the case, and ultimately unanimous on all the questions that came before them.

On the trial before the commissioners, the respondents offered evidence that said Chapin, being the owner of the principal part of the land over which the highway prayed for was laid, and also of the adjoining land, sold in 1849 and subsequently, building lots adjoining said highway, and in his deeds bounded them upon " West Street," and that said Chapin made a plan of the premises, and publicly exhibited the same, in which plan " West Street" was laid down by that name; and that a church, school-house, and other buildings, had been erected upon the lands so sold ; and that the land called " West Street," in said deeds, was an unenclosed common, and was used as a public highway; and the respondents claimed that these facts conclusively showed that said West Street ought to be regarded by the commissioners as already a public highway; and that said Chapin was estopped from denying that it was such, and especially estopped from claiming damages for the taking of such land for highway.   The commissioners however received other evidence tending to show that West Street was not opened as a public highway, that it was not opened as a thoroughfare, that it was understood when the deeds were made, that when a road was wanted there it was to be obtained from the town ; that the road had never been ac-

cepted by the town; and upon the whole evidence the commissioners came to the conclusion that the said West Street had not been dedicated as a public highway.

Upon the foregoing facts the court reserved the case for the advice of this court, upon the question whether the report should be set aside, or whether the same should be accepted. Upon the trial of the remonstrance, the respondent offered to prove, by witnesses and deeds, that the greater part of the land over which the commissioners had laid out said highway, had been dedicated to the public as a highway, and was in fact such prior to the bringing of the petition. To the admission of this evidence before the court, the counsel for the petitioners objected, on the ground that that enquiry was a matter of fact, over which the commissioners had exclusive jurisdiction, and on which they had passed. The court sustained the objection, and rejected the testimony.

*Goodwin* and *Foster*, in support of the remonstrance.

1. Chapin had dedicated his land to the public for a highway, and being a petitioner, is estopped from denying it to be such, and also from claiming or receiving damages therefor.

2. The record copy of the writ of error offered by the respondents, was admissible evidence for the purposes for which it was offered. 1 Greenl. Ev., §§ 538, 527. 5 Esp. Rep., 58. 3 Conn. R., 90. 1 Conn. R., 1. 18 Johns., 352. 1 East., 355.

It related to a judgment, the subject of which was of a public nature. 1 East., 355, 357. 5 T. R., 413. 1 Day, 222. 13 Wend., 592.

3. D. B. Smith, having given his land to the public use, was not entitled to damages.

4. That one of the acting commissioners and their chairman, being more than seventy years of age, at the time of trial, was disqualified by the provision of section 3, article 5, of the constitution of this state. 1 Day, 109. 1 Conn. R., 295. 7 Conn. R., 229. 9 Conn. R., 502. 13 Conn. R., 221.

*Johnson, Hitchcock* and *Bronson*, against the remonstrance.

1. The court will not set aside the doings of commissioners, except for irregular or improper conduct. And such conduct must be directly alleged and proved, and can not be made out by inference. In the present case there is no allegation and proof of any such conduct.

2. The paper purporting to be a copy of the writ of error, was not admissible in evidence on the trial before the commissioners, either by itself, or in connection with the other evidence, to prove the only issue between the parties, viz., whether the road prayed for was of common convenience and necessity. It purported moreover, to be a copy of a record in a criminal case ; and a judgment in a criminal proceeding can not be given in evidence, to establish the facts on which it was rendered, even where the parties are the same. 1 Greenl. Ev., § 537. 1 Phil. Ev., 336. Sw. Ev., 20.

3. It was the duty of the commissioners to assess such damages to D. B. Smith, as he sustained by the laying out of such highway ; for upon the whole evidence, they found that he had not dedicated his land to the public.

4. The constitutional disqualification contained in the third section of article 5, of the constitution of this state, is not applicable to the office of county commissioner. 22 Conn. R., 178.

5. Whether Chapin had dedicated his land to the public for a highway, was a question of fact, entirely within the province of the commissioners. Their finding is therefore conclusive, and can not be reviewed by this court.

6. The evidence offered by the respondents before the superior court, on the trial of the remonstrance, was properly rejected, because it related to a question of fact, over which the commissioners had exclusive jurisdiction, and on which they had passed.

ELLSWORTH, J. · One of the questions reserved for this court is, whether the record of the case ·of the *State* v. *Hermon Chapin*, in the superior court, was improperly rejected by the commissioners, on their inquiry into the common con-

venience and necessity of the highway prayed for. It appears, that Chapin had been tried and found guilty for placing an obstruction in a certain highway, and was fined by the justice, four dollars. He appealed to the county court and again was found guilty, and fined ten dollars. He then carried the case by writ of error, into the superior court, but did not get a reversal of the judgment. Now, it was a certified copy of this writ of error which the defendants presented to the commissioners. They offered it, to prove as they said, first, that Chapin had been convicted of placing a nuisance in the highway; secondly, that there was an ample highway already existing at the place in question; thirdly, that Chapin had dedicated his land to the public for a highway, and fourthly, that this dedication, if made, should at least reduce his damages. This evidence it is most obvious, is not the most appropriate and best evidence of the trial and conviction in the inferior court. The record of that court is the proper evidence and the recital of that record in the writ of error is no evidence at all, except for the proceedings in error. But passing this, if the form of the evidence were unexceptionable, as contended, we are not satisfied that the evidence was material or relevant. It was the record of a criminal suit, and the only important fact supposed to be established by the verdict is, that there was already a highway at the place in question, and that it was unnecessary to lay out a new one; and that if a new one was laid out, it would be less injurious to said Chapin. To this we answer, that a verdict in a criminal case is not evidence of the facts upon which judgment was rendered, when those facts come up in a civil case, for this evidence would not be material; and so the law is perfectly well settled. 1 Greenl. Ev., §§ 536, 524. 1 Phil. Ev., 231. Sw. Ev., 20.

The next objection is, that the commissioners allowed to one Darius B. Smith, a small sum of money, as his damages, when, as the defendants insisted, he was entitled to no damages at all, because he had already dedicated his land to the public. This supposed dedication the commissioners duly inquired into, and they found that it was not true; that

the road had not been dedicated as a public highway, and therefore they allowed to said Smith, as they had a right to do, his proper and legal damages.

The next objection is, that Stephen Deming Esq., one of the commissioners, was at the time of the trial over seventy years of age, and was by the constitution of the state incompetent to act in a judicial capacity. The article of the constitution referred to is the fifth, which treats of the "judiciary department." It provides that the judicial power shall be vested in a supreme court, a superior court, and such inferior courts as the general assembly shall from time to time ordain or establish. The second section declares that justices of the peace shall be appointed. The third section proceeds to point out the manner of appointing judges of the supreme court and of the superior court, and justices of the peace ; and then after speaking of the tenure of office of these judges and justices, it provides that no judge or justice of the peace shall be capable of holding his office after he shall arrive at the age of 70 years. These words of the constitution do not comprehend mere administrative officers of the government, such as commissioners, committees, auditors, selectmen and the like, who were never called judges, and who do not constitute a court vested with judicial power. So we decided in the case of *Groton and Ledyard* v. *Hurlburt* & al., 22 Conn. R., 178, which case involved this very question. It was the case of county commissioners, and we held that they did not essentially differ from commissioners on bridges, ferries, sewers, and turnpike roads, fence viewers, committees of courts, or selectmen. We are satisfied that the persons in question are not judges of courts, coming within the 5th article of the constitution. They hold no courts, nor have they clerks, nor records or fixed modes of proceeding or practice.

We may add, that as the three commissioners were unanimous in their report, if Mr. Deming was incompetent by reason of age, then the other two commissioners alone constituted the board, and could as well make the report, as the entire board.

It was again objected that the commissioners should not

Betts and others *v.* New Hartford.

have awarded damages to said Chapin for a supposed injury to his land, because the land where the highway was laid out by them, had been dedicated by said Chapin to the public; and the circumstances to prove this are declared in the remonstrance of the defendants. Our answer to this is, that the commissioners received this evidence, and much other evidence to the contrary offered by said Chapin, and on consideration of the whole evidence, found there had been no such dedication, and thereupon proceeded to lay out the highway as necessary, and to assess damages, as they certainly had a right and were bound to do, in discharge of their public duty.

There is no force in the remaining claim, that the court below should have permitted the defendant on hearing the remonstrance, to go into original proof that the greater part of the land over which the commissioners had laid out the highway, had been dedicated to the public. This inquiry belonged exclusively to the commissioners, who necessarily examined into it as involved in the inquiry whether or not the highway prayed for was of common convenience and necessity.

As we decide that the report of the commissioners is unexceptionable and ought to be accepted, in this event we are requested to advise the court below, that the defendants are entitled under the statute, to have the damages reassessed, being as they insist altogether excessive. We think they are not. Persons whose lands are taken, alone have this right and privilege, but not the public, for it is the public by its own agents, who have taken the land from others at its just value as fixed by themselves, the legally constituted agents of the government; and certainly the public can not complain of the judgment of their own agents. This we are satisfied is the true theory; and we see nothing in the statute which leads us to form a contrary opinion. Such, we believe, has been the uniform practice and general understanding of the people and the courts of the state.

Our advice is, that judgment be rendered for the plaintiffs.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Judgment for the plaintiffs.