## THE STATE *vs.* JOHN H. BRADNACK.

Third Judicial District, Bridgeport, April Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

A judgment in a civil action is not evidence, conclusive or otherwise, of the
fact thereby established, in a subsequent criminal prosecution against
one of the parties in which the same question is again involved.

The defendant justified his refusal to support his wife, upon the ground
that she had committed adultery with *D. Held* that *D's* declarations
as to the wife's conduct, when he was arrested in endeavoring to escape
from the defendant's house in the night, were hearsay and not admis-
sible as part of the *res gestæ.*

On rebuttal *D,* who was called as a witness by the State, denied any im-
proper familiarity with the defendant's wife. He was then asked on
cross-examination if he had not said on a certain occasion to one *E,* that
he, *D,* had been criminally intimate with her; and answered in the
negative. *Held* that the trial court erred in refusing to permit the de-
fendant to show that *D* had made such statements out of court.

[Submitted on briefs April 20th—decided May 25th, 1897.]

PROSECUTION of the defendant for unlawfully refusing and
neglecting to support his wife, brought to the City Court of
New Haven and thence by the defendant's appeal to the crim-
inal side of the Court of Common Pleas in New Haven
County, and tried to the jury before *Hotchkiss, J.;* verdict
and judgment of guilty, and appeal by the accused for alleged
errors in the rulings and charge of the court. *Error, and
new trial granted.*

The case is sufficiently stated in the opinion.

*Prentice W. Chase,* for the appellant (the accused).

What Donegan said when running from the Page house
was admissible as part of the *res gestæ. Enos* v. *Tuttle,* 3
Conn. 250; *Wooden* v. *Cowles,* 11 id. 300; *Comins* v. *Comins,*
21 id. 418; *Sears* v. *Hayt,* 37 id. 407; *Douglass* v. *Chapin,*
26 id. 92; *Spencer* v. *N. Y. & N. E. R. R.,* 62 id. 248; *Wright*
v. *Boston,* 126 Mass. 161–164; *Salem* v. *Lynn,* 13 Met. 544;
*May* v. *Bradlee,* 127 Mass. 414; *Blake* v. *Damon,* 130 id. 199.
The record of the divorce proceedings in the Superior

Court was improperly admitted.  *State* v. *Alford*, 31 Conn.
41 ; *Bethlehem* v. *Watertown*, 51 id. 494, 47 id. 237 ; *Burdick*
v. *Norwich*, 49 id. 228 ; *Parker* v. *Kenyon*, 112 Mass. 264 ;
*Globe Works* v. *Wright*, 106 id. 207.   The court erred in
refusing to permit the defendant to show that witness Done-
gan had made contradictory statements out of court.   *Thorp*
v. *Brookfield*, 36 Conn. 325 ; *McGinnis* v. *Grant*, 42 id. 79 ;
*Beecher* v. *Beecher*, 43 id. 561, 565 ; *Beardsley* v. *Wildman*,
41 id. 516 ; *White* v. *Griffing*, 44 id. 448 ; *Saunder's Appeal*,
54 id. 114 ; *Hedge* v. *Clapp*, 22 id. 266 ; *State* v. *Randolph*,
24 id. 368 ; *Stevens* v. *Curtiss*, 3 id. 265 ; *Beers* v. *Broome*,
4 id. 257 ; *Salisbury* v. *State*, 6 id. 104.

*George M. Gunn*, Prosecuting Attorney, for the appellee
(the State).

Donegan's statements to the officer when arrested on leav-
ing the Page house formed no part of the *res gestæ*, and were
properly excluded.   If the act to be explained was his leav-
ing the house, it needed no explanation, and his reasons were
entirely immaterial.   *Butte Hardware Co.* v. *Wallace*, 59 Conn.
336 ; 3 Rice on Evidence (Crim. Cas.), p. 122 *et seq.*   The files
and record in the divorce proceeding were admissible.   The
court admitted it as evidence, but should have held it *res
adjudicata* and conclusive.   *Betts* v. *Starr*, 5 Conn. 552, 555 ;
1 Greenl. on Ev., §§ 522, 525, 534, 535, and cases cited ;
*Ballou* v. *Ballou*, 110 N. Y. 394, 402 ; *Buckingham's Ap-
peal*, 60 Conn. 143 ; *Coffey* v. *United States*, 116 U. S. 436,
and cases cited in opinion.   This case is distinguished from
most of the cases where records are excluded, in that the
amount of proof requisite to establish the defendant's claim in
the divorce proceeding and in this, were the same.   *Dorrell*
v. *State*, 83 Ind. 357.   The question here was as to acts of
adultery on the dates alleged by the defendant.   The affirm-
ative of this was to be proved by the defendant in chief.
Whatever contradictory statements Donegan might have made
regarding other times was collateral, hearsay, and could not
be put in issue by witnesses in surrebuttal.   *Tyler* v. *Todd*,
36 Conn. 224.

FENN, J. The appellant was tried in the Court of Common Pleas for the transaction of criminal business in New Haven county, charged with the crime of refusing and neglecting to support his wife. He was convicted, and appealed to this court.

It appears from the finding that upon the trial the State offered evidence to prove the neglect and refusal of the appellant to support his wife; that the appellant offered no evidence to contradict this, but relied for his defense upon the claim, as an excuse, that his wife had been guilty of adultery with one Daniel Donegan of New Haven. Under such claim the appellant offered testimony tending to prove, and claimed that he had proved, various acts of adultery on the part of his wife with said Donegan upon particular dates in July, August, September and October, 1895.

. The State, in rebuttal, offered in evidence the files and records in certain divorce proceedings brought by the appellant against his wife, tried in the Superior Court and dismissed. This evidence was objected to; but the court, after examining the papers, said: "It appears from an examination of the files in the divorce proceedings in the case of John H. Bradnack vs. Mary C. Bradnack, that the specific statement filed by the plaintiff contains allegations of adultery on all the dates which have been claimed here; that these allegations were denied, and therefore put in issue. I think the record is admissible." To this ruling the appellant excepted.

The court in its charge to the jury, referring to this evidence, said: "There is one thing that I ought to suggest to the jury, and that is that Mr. Bradnack on his own volition, or at his own volition, has had a portion, at least, of this case submitted to a tribunal which had jurisdiction of it. He brought an action for divorce against his wife, and had a trial, and that tribunal was not satisfied that he had there proved the charges on the dates which he now alleges in this court were the dates on which she committed adultery. While I do not rule that this is conclusive evidence in this case, it is my duty, having admitted it, to suggest to the jury that it is evidence to which they ought to give serious consideration."

We think it clear that in admitting this evidence the court below erred. That criminal sentences are not evidence in civil issues has been often held; the reason being that the parties to a criminal prosecution and those in a civil suit are necessarily different, and the objects and results of the two proceedings are equally diverse. See *Betts* v. *New Hartford*, 25 Conn. 180, 185; 1 Wharton on Ev., § 777. So, the converse of this rule, namely, that a judgment in a civil action is not admissible in a subsequent criminal prosecution, is equally true. Thus, for example, a judgment recovered against a defaulting tax collector and his sureties in a civil action at the suit of the county, was held not competent evidence against them in a prosecution on the criminal side afterwards instituted for the default. *Britton* v. *State*, 77 Ala. 202. So, in *Riker* v. *Hooper*, 35 Vt. 457, a former judgment in a civil action was held not conclusive in a *penal* action between the same parties, though the same question was litigated in both actions; because the measure of proof is different in the two actions. The only case upon which the State relied, in argument before us, as holding a different doctrine, is that of *Dorrell* v. *State*, 83 Ind. 357. This was a prosecution for the unlawful removal of a fence from land; and it was there considered that a judgment in a former civil action between the defendant and the prosecuting witness, rendered before the commission of the alleged trespass, whereby the disputed boundary line between their respective lands was defined and settled, was admissible in evidence. But the court here, also, recognized the general rule that civil judgments are not admissible in criminal prosecutions, but decided as it did, because it thought that the establishment of the boundary line was one of the "legal consequences" of the judgment, to prove which, as well as the fact of its rendition, a judgment is always admissible, even against strangers. The error to which we have referred—in admitting the evidence in question—was not relieved by what the court stated to the jury, to the effect that such evidence was not conclusive, but merited serious consideration. As was said by this court in *Bethlehem* v. *Watertown*, 51 Conn. 490, 494:

" A judgment is conclusive or it is nothing. If not conclusive, there is no rule by which courts can measure and determine its effect."

The appellant offered evidence to prove that on one occasion the said Donegan was caught at night in the bedroom occupied by the appellant's wife; that he endeavored to escape, but as he came running out of the house, hat in hand, he was arrested by an officer. Thereupon the appellant's brother, who was present at the time of such arrest, was asked as a witness for the defense: " What was the conversation that you had with Daniel Donegan at that time when Officer Shields grabbed him, or what statements, if any, did he make?" The question was objected to by counsel for the State, on the ground that whatever Donegan then said was hearsay, and not admissible in the absence of Mary Bradnack. It was claimed by the appellant to be admissible as part of the *res gestæ*, as words accompanying an act and explanatory of the act. The question was excluded and the appellant excepted. A similar question was asked of another witness, and a similar ruling made and exception taken. These rulings were correct. *Stirling* v. *Buckingham*, 46 Conn. 461. The declarations in question did not grow out of the main fact—the alleged adultery—were not contemporaneous with it, nor did they serve to illustrate its character. They would be useful to the appellant only as a statement out of court by one person concerning the past conduct of another not present at the time such statement was made.

But a far different situation was presented later during the trial. The said Donegan was offered as a witness for the State upon rebuttal, and testified regarding the events which happened on the various dates on which it was claimed that he had committed adultery with Mrs. Bradnack, and denied that on those dates he had been in her apartments, and in general testified that he had never committed adultery with her or been unduly intimate with her. On cross-examination Donegan was asked if he had not, at a certain place and on a certain day while in conversation with one Evans, stated to said Evans that he was criminally intimate with Mrs. Brad-

nack. The witness replied in the negative. In reply to the objections of the State that Mrs. Bradnack ought not to be convicted of adultery on any general statements that this witness or any other might have made outside the court, the court replied that the question was admitted as a proper cross-examination of the witness, but that the court would hold the defendant to the answer, to the extent that he would not be permitted to bring in witnesses on surrebuttal to prove that the witness had made these statements out of court. The appellant did afterwards offer several witnesses upon surrebuttal to prove such statements, but the court adhered to its ruling and excluded all such evidence. This was error. *Hedge* v. *Clapp*, 22 Conn. 262.

The other reasons of appeal are of slight importance, and do not seem to require special attention.

There is error, and a new trial is granted.

In this opinion the other judges concurred.