**Leonard P. SHIPE, Appellant,**

v.

**Lois SCHENK and Hollywood Credit Clothing Co., Inc., Appellees.**

**No. 2492.**

Municipal Court of Appeals for the District of Columbia.

Submitted Feb. 1, 1960.

Decided March 29, 1960.

Earl H. Davis, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order dismissing an amended complaint. The complaint, entitled one for damages for "malicious abuse of civil process, wrongful attachment, slander, and wanton or gross negligence in conduct of business," alleged that appellant Shipe, a resident of Maryland and an employee of D. C. Transit System, was sued by appellee Hollywood Credit Clothing Co.

in 1958 for a debt of $76.09 for merchandise purchased in 1950, and Hollywood issued an attachment before judgment against Shipe's employer, the Transit System; that the Transit System in answer to the attachment stated that Shipe was in its employ but was then on a vacation and had received his pay in advance and consequently nothing was then due and owing him.

The complaint further alleged that when Shipe, on his return from vacation, learned what had happened, he went to Hollywood's store and there informed appellee Schenk, an employee of Hollywood, that he had never been in the store before, had never purchased anything from the store, and owed it nothing; that Schenk, in a loud voice and in the presence of others, stated to Shipe, "You owe the money" and "You're a damn liar, and a dead beat"; and that thereafter Hollywood issued another attachment against Shipe's credits in the hands of the Transit System; that to this attachment the Transit System answered that it held wages of $141.09 due Shipe; and that, in some manner unknown to Shipe, Hollywood had obtained possession of substantially all that sum, although Hollywood had no judgment against Shipe and had never even made service on him by either personal or substitute service.

In support of the motion to dismiss defendants filed an affidavit of the cashier of the Transit System to the effect that it paid Hollywood $115 from Shipe's account and that this was done with Shipe's consent. Shipe's affidavit stated that he agreed only that the Transit System withhold $115 pending outcome of the debt action and that he did not consent to payment of any money to Hollywood. The record discloses that after receiving the $115 Hollywood filed a praecipe in the debt action releasing the attachment and directing the Clerk of Court to "enter judgment as paid." At that

time and at time the present action was brought there was no judgment in the debt action. After the praecipe had been filed, Shipe, as defendant in the debt action, filed an answer denying indebtedness and counterclaiming for the $115 Hollywood had received from the Transit System. When the present action was filed and the complaint dismissed, the debt action was still pending.

■ We think the trial court was correct in dismissing the complaint insofar as it charged slander. No special damages were claimed, and "damn liar" and "dead beat" are not slanderous *per se*.[1] Those words cannot reasonably be construed, as Shipe contends, to charge him with the crime of false pretenses.

■ With respect to the claim of "wanton or gross negligence in conduct of business," we are not aware of any such tort and Shipe cites us no authority to sustain that claim. Neither do we find any basis in the record to support the claim for wrongful attachment. Whether the attachment was wrongfully issued will depend largely on the outcome of the debt action, and the trial court correctly ruled that this claim was premature.

■ However, we think it was improper to dismiss Shipe's claim for damages for abuse of civil process. Hollywood caused an attachment before judgment to issue, and it is plain, if Shipe's allegations can be proved, that the attachment was used for an improper purpose. Its proper purpose was to seize credits of Shipe and to subject those credits to a judgment of condemnation after judgment was obtained against Shipe. But Hollywood used the attachment as a means of obtaining credits without having either a judgment against Shipe or a judgment of condemnation, and then it attempted to satisfy a nonexisting

1. Meyerson v. Hurlbut, 68 App.D.C. 360, 98 F.2d 232, 118 A.L.R. 313, certiorari denied 305 U.S. 610, 59 S.Ct. 69, 83 L. Ed. 388; Harmon v. Liss, D.C.Mun.App., 116 A.2d 693.

judgment. This was an abuse of process [2] unless, as Hollywood claims, it was done with the consent of Shipe. Whether there was such consent is a question of fact to be resolved at trial.

The order dismissing the claim of appellant agains Hollywood Credit Clothing Co. for abuse of process is reversed. In all other respects the order of dismissal is affirmed.

2. First National Realty Co. v. Weathers, D.C.Mun.App., 154 A.2d 548.