THEODORE E. GRIFFIN *v.* CLAUDE L. PARKER
(8017)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 5, 1989—decision released July 12, 1990

*Louis S. Avitabile,* for the appellant (defendant).

*Joseph Procopio,* for the appellee (plaintiff).

DUPONT, C. J. The plaintiff initiated this civil action to recover damages for personal injuries sustained as the result of being shot by the defendant. The same shooting incident led to a prior judgment of conviction of assault in the first degree, in violation of General Statutes §§ 53a-59 (a) (1) and 53a-59 (a) (3). On the basis of the prior criminal conviction, the trial court granted summary judgment for the plaintiff. A hearing in damages was subsequently held and the plaintiff was awarded damages in the amount of $475,000.

The defendant claims on appeal that the trial court should not have granted the plaintiff's motion for sum-

mary judgment because (1) the documentation accompanying the plaintiff's motion failed to address and resolve all the factual issues raised by the pleadings, (2) the doctrine of collateral estoppel cannot be applied because the facts and issues litigated and determined in the prior criminal action were not identical to those raised in the later civil action, and (3) offensive collateral estoppel cannot be used by the plaintiff to obtain a summary judgment because he was not a party or in privity with a party in the prior criminal action.

The defendant's claim that the plaintiff's documentation failed to address and resolve all the factual issues raised by the pleadings centers on whether any factual circumstances existed that would result in the barring of the plaintiff's action because of the two year statute of limitations on personal injury actions. See General Statutes § 52-584. The plaintiff's complaint contains alternative allegations that the act complained of was both reckless and intentional. The defendant's special defense to the claim of the reckless infliction of injury was that the statute of limitations had run, thereby barring the plaintiff's action. In order to address the statute of limitations question, it is necessary to review the procedural history in some detail.

The defendant did not appeal from the criminal conviction upon which the summary judgment was based. He was convicted of violating General Statutes §§ 53a-59 (a) (1) and 53a-59 (a) (3). Section 53a-59 (a) (1) is based on the intentional infliction of serious physical injury by means of a deadly weapon or dangerous instrument, while § 53a-59 (a) (3) is based on recklessly engaging "in conduct which creates a risk of death" and causes "serious physical injury," where "the circumstances evince an extreme indifference to human life."

The briefs of the parties reflect some confusion as to whether the defendant was actually charged and convicted under both subdivisions of the statute, under one subdivision or under the statute generally, without reference to either subdivision. The substitute information, however, establishes that he was, in fact, charged under both subdivisions, and the transcript of the criminal trial proceedings also indicates that he was convicted under both subdivisions.[1] The criminal docket sheet, which was before the trial court in the civil case at the time of the summary judgment motion, reflects that the conviction was under both subdivisions (a) (1) and (a) (3).

At the close of the criminal trial, the defendant asked that the jury be polled to determine under which subdivision it found the defendant guilty. The court refused to conduct a poll. The defendant failed to challenge either that ruling or the conviction itself. Had he believed that the evidence presented at trial was insufficient to support his conviction on either reckless or intentional assault, the defendant could have appealed from the judgment of conviction, claiming that it could not have been upheld because there were two alternative methods of violating the statute, and that the evidence was insufficient to convict on *each* of the alternative methods. See *State* v. *Arnold,* 201 Conn. 276, 281, 514 A.2d 330 (1986); *State* v. *Ostalaza,* 20 Conn. App. 40, 50, 564 A.2d 324 (1989). By choosing not to appeal, the defendant effectively accepted the judgment of conviction that had been rendered on the basis of both reckless and intentional assault.

---

[1] The transcript of the proceedings in the criminal trial indicates that, following the deliberations of the jury, the clerk asked the jury foreperson: "As to the second count of assault in the first degree in violation of Section 53a-59 Subsection (a) Subsection (1) *and* 53a-59 Subsection (a) Subsection (3), is the defendant guilty or is he not guilty?" (Emphasis added.) The foreperson responded: "Guilty."

Although the criminal docket sheet reflects a conviction on both subdivisions of the statute, the parties agree that the trial court requested that the mittimus reflect only the conviction for reckless assault. This fact, however, has only to do with incarceration and does not, as the defendant implies, affect the statutory basis of the conviction. The defendant's argument, that a suit for personal injury based on the conviction for reckless assault was barred by the statute of limitations, is irrelevant because a claim based on the conviction for intentional assault was, in any case, not barred.

When a motion for summary judgment is made, the movant must show an entitlement to judgment as a matter of law and that no material issue of fact, that is, one that would make a difference in the outcome, remains to be resolved at trial. If this cannot be shown, the motion must be denied. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578–79, 573 A.2d 699 (1990); *Genco* v. *Connecticut Light & Power Co.*, 7 Conn. App. 164, 167, 508 A.2d 58 (1986). We conclude that the court was not prevented from granting summary judgment for the plaintiff because of the period of limitations of General Statutes § 52-584. This is so because the allegations of the plaintiff's complaint included a cause of action for intentional assault, based on the prior criminal conviction under § 53a-59 (a) (1). Unless lack of mutuality prevents that conviction from being used under the doctrine of collateral estoppel, summary judgment would be proper.

The defendant argues that the doctrine of collateral estoppel, based on his conviction of first degree assault in the prior criminal action, is not available to the plaintiff because the plaintiff was neither a party to nor in privity with a party to the earlier criminal action and because the facts and issues here are not identical to those in the criminal case. He claims that, for a plaintiff to use the principle of collateral estoppel to resolve

an issue, "mutuality of the parties" as well as identity of facts and issues in the two actions must be present.

"Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 402, 546 A.2d 284 (1988), aff'd, 211 Conn. 67, 557 A.2d 540 (1989). The purposes underlying the doctrine of collateral estoppel are to protect the finality of judicial determinations, and to conserve time and judicial resources. Id. Historically, in order for collateral estoppel to apply, the adversaries in the second action must have been party adversaries in the first action. *Parklane Hosiery Co.* v. *Shore,* 439 U.S. 323, 326–27, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). A frequently cited and basic reason for this mutuality requirement is to assure that the party against whom estoppel is to be used has had an opportunity fully and fairly to litigate the issue in the first action. *Ashe* v. *Swenson,* 397 U. S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1969); *State* v. *Fritz,* 204 Conn. 156, 173, 527 A.2d 1157 (1987); *Gionfriddo* v. *Gartenhaus Cafe,* supra. The doctrine of collateral estoppel differs from res judicata in that the latter involves claim preclusion, and the former, issue preclusion. The effect of requiring mutuality is to limit the scope of collateral estoppel so that neither party in a second action can use a prior judgment for estoppel purposes against the other unless both were adversaries in the first case and bound by that prior action.

Numerous federal and state courts have abandoned the automatic requirement of mutuality. *United Banana Co.* v. *United Fruit Co.,* 172 F. Sup. 580, 588 (D. Conn. 1959); *Bernhard* v. *Bank of America,* 19 Cal. 2d 807, 813, 122 P.2d 892 (1942); *Read* v. *Sacco,* 49 App. Div. 2d 471, 473, 375 N.Y.S.2d 371 (1975). Moreover, one prime authority on which the mutuality requirement in successive civil cases was based, namely,

Restatement, Judgments § 82, was revised in Restatement (Second), Judgments § 38, to abandon that requirement. The revised section provides as follows: "Parties who are not adversaries to each other under the pleadings in an action involving them and a third party are bound by and entitled to the benefits of issue preclusion with respect to issues they actually litigate fully and fairly as adversaries to each other and which are essential to the judgment rendered."

Furthermore, a provision has been added in Restatement (Second), Judgments, that had no counterpart in the prior Restatement. That provision is found in § 85, entitled "Effect of Criminal Judgment in Subsequent Civil Action," and provides in relevant part: "With respect to issues determined in a criminal prosecution: . . . (2) A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action: (a) Against the defendant in the criminal prosecution as stated in § 29."[2] Thus, § 85 allows a party

---

[2] Restatement (Second), Judgments § 29 provides: "Issue Preclusion in Subsequent Litigation with Others

"A party precluded from relitigating an issue with an opposing party, in accordance with §§ 27 and 28, ['Issue Preclusion—General Rule' and 'Exceptions to the General Rule of Issue Preclusion' respectively] is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether:

"(1) Treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved;

"(2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined;

"(3) The person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary;

"(4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue;

to use a prior criminal conviction offensively against a defendant in a subsequent civil case.

The Connecticut Supreme Court has not yet resolved whether the application of collateral estoppel requires the mutuality of parties in all civil cases, or if, indeed, the requirement has any force in a criminal context. We need not, therefore, in the resolution of this case, disturb any existing Supreme Court precedent.

It is obvious that in every criminal trial, the defendant is present or had the opportunity to be present to litigate the issue of whether he or she engaged in the acts comprising the elements of the charged offense beyond a reasonable doubt. It is equally obvious that the state will not ordinarily be a party in a subsequent civil action in which the criminal defendant is a party. If mutuality is an immutable requirement, no third party could ever use the prior criminal conviction against the same defendant in a subsequent civil trial, whether that defendant is a plaintiff or a defendant in the second trial.

In *Gionfriddo* v. *Gartenhaus Cafe,* 211 Conn. 67, 557 A.2d 540 (1989), which involved two successive *civil* cases, the Connecticut Supreme Court left open the question of whether it would continue "to adhere to the doctrine of mutuality of estoppel or whether [it] should approve of the use of defensive collateral estop-

"(5) The prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or apparently was based on a compromise verdict or finding;

"(6) Treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto;

"(7) The issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based;

"(8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue."

pel in . . . any case." Id., 71. If the doctrine of mutuality exists today in Connecticut, it exists only in successive civil cases, and in a criminal case preceded by a civil case. If the doctrine still exists in such cases, its present basis is *Brockett* v. *Jensen,* 154 Conn. 328, 225 A.2d 190 (1966). That case relied on § 82 of the Restatement of Judgments, which has since been revised to eliminate the requirement of mutuality. Restatement (Second), Judgments § 38. *Brockett* held that the plaintiff in a civil case, not present in a prior civil case, was not bound by a judicial determination made in that prior case, and, therefore, that the defendant in the second civil case could not use the prior determination as a special defense in the second case to bar the plaintiff's recovery. *Brockett* also held that a party who was present as a party in both cases could not relitigate an issue resolved in the first case if that party was in an adversarial relationship with the party seeking, in the second action, to assert the preclusion.

In *Brockett,* the party against whom the issue was to be used was not involved in the first case and, therefore, had no opportunity to litigate the question. The other party was involved in the first case but had not litigated the question in an adversarial capacity. *Brockett* has more to do with the principle that parties cannot be bound by a judicial proceeding in which they did not or could not fully and fairly litigate the particular issue than it does with the principle of mutuality. The case does not hold that a party in a second action who was an adversarial party in a prior judicial proceeding is not bound by an issue determined in the first action, nor does it hold that the use of collateral estoppel, whether offensive or defensive, requires mutuality.

"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who

was bound it is difficult to comprehend." *Bernhard* v. *Bank of America,* supra, 812. The same line of reasoning would apply to both the offensive and defensive use of the doctrine.

*Brockett* does not consider or resolve the question of whether the doctrine of mutuality applies in those instances in which a criminal case is followed by a civil case against a defendant convicted in the prior criminal case. In the present action, the plaintiff used collateral estoppel offensively in order to obtain a summary judgment. He did so, however, unlike the defendant in *Brockett,* in a civil case against a party previously convicted in a criminal action.

The defendant here relies on three cases to support his view that, under Connecticut law, the doctrine of collateral estoppel cannot be applied.

In *Page* v. *Phelps,* 108 Conn. 572, 588, 143 A. 890 (1928), an appellant offered into evidence copies of court records showing a *testator's* criminal convictions for operating an automobile under the influence of alcohol in order to establish the testator's susceptibility to undue influence in an action contesting a will. This 1928 case preceded the current strong trend toward abandoning the mutuality requirement and does not involve either collateral estoppel or the mutuality requirement, but an evidentiary question. The criminal conviction sought to be introduced as evidence was not that of a party in the second case and did not concern an incident common to both cases. In the present case, the criminal conviction sprang from the identical incident that is the cause of action of the second case and the defendant was clearly an adversarial party in both cases.

In *McKenna* v. *Whipple,* 97 Conn. 695, 701, 118 A. 40 (1922), the court did not allow the introduction into evidence of a judgment of *acquittal* in a prior criminal

case to prove that the plaintiff in the subsequent civil case, the defendant in the earlier action, was not intoxicated. The issue of the subsequent civil case was whether, by a fair preponderance of the evidence, the defendant was intoxicated. The issue in the criminal case was whether, beyond a reasonable doubt, the defendant was intoxicated. Failure to prove the latter does not preclude proof of the former.[3] See *Palma* v. *Powers,* 295 F. Sup. 924 (N.D. Ill. 1969).

The third case cited by the defendant, *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 208 A.2d 341 (1965), was an action on a promissory note in which the defendant objected to being questioned on cross-examination about whether she had been convicted, on several occasions, of the crimes of keeping liquor with intent to sell and selling liquor without a permit. The convictions were declared inadmissible under General Statutes § 52-145. Their introduction was sought for the limited purpose of impeaching the credibility of the defendant. The evidence of the convictions was totally unrelated either to the doctrine of mutuality or to collateral estoppel. The purpose of the offer of the evidence was completely unconnected to the issue of the civil case, namely, whether the plaintiff was entitled to payment of the promissory note and whether the plaintiff was a holder in due course of the note.

A judgment of conviction in a criminal case following a plea of guilty is admissible as an admission in a subsequent civil case. *State* v. *Ramsundar,* 204 Conn. 4, 16, 526 A.2d 1311, cert. denied, 484 U.S. 955, 108 S. Ct. 348, 98 L. Ed. 2d 377 (1987); *Graham* v. *Wilkins,*

---

[3] In *State* v. *Bradnack,* 69 Conn. 212, 215, 37 A. 492 (1897), the court held that a judgment in a prior civil action was not admissible in a subsequent criminal action to prove the same question because the measure of proof in the prior civil action was not as high as in the subsequent criminal action. The case, therefore, does not decide the issue of the present case.

145 Conn. 34, 40, 138 A.2d 705 (1958); see also *Fitz-hugh* v. *Bushnell,* 118 Conn. 677, 680, 174 A. 80 (1934); *Zenuk* v. *Johnson,* 114 Conn. 383, 388, 158 A.2d 910 (1932). It is difficult to discern any meaningful distinction between the use in a subsequent civil case of a plea of guilty in a prior criminal case and the same use of a conviction of guilty, after a trial, in a criminal case.

The entitlement of the plaintiff to use the defendant's prior conviction of assault affirmatively to prove the assault in a subsequent civil case involving the same incident, has not yet been resolved in Connecticut. Cases from other jurisdictions have held that such an affirmative use is compatible with the principles of collateral estoppel and that the classic requirement of mutuality of parties is unnecessary and, in fact, impossible where a civil case follows the criminal conviction. In *Read* v. *Sacco,* supra, the plaintiff sued in a civil case to recover damages for injuries he suffered as a result of an assault and battery, of which a jury had previously found the defendant guilty. The plaintiff moved for summary judgment, which was granted on the basis that the material issues had been litigated and determined in the prior criminal action. The court held that, despite lack of mutuality, the conviction was conclusive as to the same facts necessarily implicated in the subsequent civil litigation if a full and fair opportunity to contest the issues had existed in the criminal proceeding.[4] The court also concluded that fairness under all the circumstances is the "crowning consideration"

---

[4] Minor prior criminal convictions after a court trial, such as traffic convictions or a conviction for placing an obstruction in a highway, are illustrative of a type of conviction that casts doubt on the full and fair opportunity to litigate the charge underlying the convictions. *Betts* v. *New Hartford,* 25 Conn. 180 (1856); *Gilberg* v. *Balbieri,* 53 N.Y.2d 285, 423 N.E.2d 807, 441 N.Y.S.2d 49 (1981). The rationale of such cases is that the relative insignificance of the charge may not motivate the defendant to litigate the criminal issue thoroughly.

and that neither mutuality nor the distinction between offensive and defensive use of collateral estoppel is controlling. Jurisdictions other than New York have held in accordance with *Read. Compton* v. *Ide,* 732 F.2d 1429 (9th Cir. 1984); *Wolfson* v. *Baker,* 623 F.2d 1074 (5th Cir. 1980); *Cardillo* v. *Zyla,* 486 F.2d 473 (1st Cir. 1973); *Hardin* v. *Aetna Casualty & Surety,* 384 F.2d 718 (5th Cir. 1967); *Erie Ins. Co.* v. *Belcher,* 718 F. Sup. 475 (S.D. W. Va. 1989); *Palma* v. *Powers,* supra; *Newman* v. *Larsen,* 225 Cal. App. 2d 22, 36 Cal. Rptr. 883 (1964); *District of Columbia* v. *Peters,* 527 A.2d 1269 (D.C. 1987); *Ross* v. *Lawson,* 395 A.2d 54 (D.C. 1978); *Ideal Mutual Ins. Co.* v. *Winker,* 319 N.W.2d 289 (Iowa 1982); *Hanover Ins. Co.* v. *Hayward,* 464 A.2d 156 (Me. 1983); *Aetna Casualty* v. *Niziolek,* 481 N.E.2d 1356 (Mass. 1985); *Aetna Life & Casualty Co.* v. *Johnson,* 673 P.2d 1277 (Mont. 1984); *Hopps* v. *Utica Mutual Ins. Co.,* 127 N.H. 508, 506 A.2d 294 (1985); *New Jersey Manufacturers Ins. Co.* v. *Brower,* 161 N.J. Super. 293, 391 A.2d 923 (1978); *Gilberg* v. *Barbieri,* 53 N.Y.2d 285, 423 N.E.2d 807, 441 N.Y.S.2d 49 (1981); *Casey* v. *Northwestern Security Ins. Co.,* 260 Or. 485, 491 P.2d 208 (1971).

Several recent Connecticut cases indicate that the absence of mutuality of the parties in a criminal case is not determinative of whether the doctrine of collateral estoppel can be applied. See *Virgo* v. *Lyons,* 209 Conn. 497, 501–502, 551 A.2d 1243 (1988); *State* v. *Fritz,* 204 Conn. 156, 172–73, 527 A.2d 1157 (1987); *Duhaime* v. *American Reserve Life Ins. Co.,* 200 Conn. 360, 363–65, 511 A.2d 333 (1986). *State* v. *Fritz,* supra, implies that the use of collateral estoppel does not require that the parties in two successive actions, an administrative proceeding followed by a criminal prosecution, be the same if the party against whom the collateral estoppel is being asserted, or one in privity

with that party, was adequately represented in the first proceeding.[5]

In the case before us, the facts to be proved, an intentional assault by the defendant, causing serious injuries to the plaintiff, were already proved beyond a reasonable doubt in the prior criminal action. A full and fair opportunity to contest those facts has already been given to the defendant. He was represented by counsel in the criminal action and did not appeal from the judgment of conviction.

We conclude that "[a] prior conviction estops a party in a later civil suit from contesting facts necessarily established in the criminal proceeding." *Compton* v. *Ide,* supra, 1434. Symmetry of the parties in the two cases is not controlling. Fairness is. If the defendant did not appeal from his criminal conviction, it would ordinarily not be unfair to prevent him from relitigating, in a subsequent civil action, the precise issue determined by a higher standard of proof in the prior criminal action. *Erie Ins. Co.* v. *Belcher,* supra.

The judgment is affirmed.

In this opinion LAVERY, J., concurred.

O'CONNELL, J., dissenting. I disagree with the majority's abandonment of the mutuality requirement of the collateral estoppel rule. I am especially concerned that, despite long standing precedent, the defendant's criminal conviction can be used conclusively to resolve subsequent civil litigation. See *State* v. *Bradnack,* 69 Conn. 212, 215, 37 A. 492 (1897); *Betts* v. *New Hartford,* 25 Conn. 180, 185 (1856) (criminal convictions inadmissible in civil cases to prove acts alleged).

[5] *State* v. *Fritz,* 204 Conn. 156, 527 A.2d 1157 (1987), appears to weaken the holding in *State* v. *Bradnack,* 69 Conn. 212, 37 A. 492 (1897).

The current rule, as clearly stated by our Supreme Court, is that "[t]here can be no collateral estoppel . . . unless the parties were, *in fact,* adversaries on the issue in question. The rule has been well stated in these words: '[t]he rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." Restatement, Judgments § 82." (Emphasis added.) *Brockett* v. *Jensen,* 154 Conn. 328, 338, 225 A.2d 190 (1966).

"A criminal prosecution is a proceeding instituted by the *state* to obtain punishment against a *person charged* with and found guilty of a public offense." (Emphasis added.) *State* v. *Parker,* 194 Conn. 650, 653, 485 A.2d 139 (1984). The fundamental equation is "[t]he state prosecutes and the accused defends." *State* v. *Figueroa,* 22 Conn. App. 73, 80, 576 A.2d 553 (1990) (*Lavery, J.,* dissenting). A victim clearly is not a party to a criminal prosecution and thus cannot be the defendant's adversary in such a proceeding.

The modifications to the Restatement relied on by the majority do not change the state of our law which remains as set forth in *Brockett* v. *Jensen,* supra. This court cannot reexamine or reevaluate Supreme Court precedent. Whether a Supreme Court holding and subsequent cases should be reevaluated and possibly discarded is not for this court to decide. *Board of Education* v. *Bridgeport Education Assn.,* 9 Conn. App. 199, 203, 518 A.2d 394 (1986). Consequently, I feel that we are bound by the law as it now stands. "As a general rule, judgments in criminal cases are not admissible in civil proceedings to prove the acts charged." *Heating Acceptance Corp.* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341 (1965); *Page* v. *Phelps,* 108 Conn.

572, 588, 143 A. 890 (1928); *McKenna* v. *Whipple,* 97 Conn. 695, 701, 118 A. 40 (1922).

I would reverse the judgment and remand the case to the trial court for further proceedings.

Accordingly, I respectfully dissent.