[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 119)
The defendant Aetna Life Casualty Co. ("Aetna") moves for summary judgment in this action wherein the plaintiff Home Insurance Company ("Home") seeks to recover a judgment obtained against Aetna's insured Barry D. Schuss in the amount of $1,070,793.95 ($696,539.71 damages plus $374,254.24 interest) under a general liability policy issued to the parents of Schuss. Home paid its insured Emanuel Synagogue $696,539.71 for fire damage to its building which was caused by Schuss and was the basis for the judgment against him.
This action is brought pursuant to the provisions of General Statutes 38-175 which allows the judgment creditor to proceed directly against the insurance carrier of the judgment debtor "to the same extent that the defendant in such action could have enforced his claim against said insurer had such defendant paid such judgment." In other words, Home stands in the shoes of Schuss in regard to Schuss' right to indemnification under the general liability insurance policy issued by Aetna.
Aetna concedes that Schuss is an insured under the general liability policy issued to his parents, but claims it is not obligated to pay the judgment against him for the fire at Emanuel Synagogue because it was an intentional act which is excluded from the coverage under the policy. The general liability policy provides in part for the following exclusion: "Coverage E — Personal Liability . . . [does] not apply to bodily injury or property damage . . . which is expected or intended by the insured. . . ."
Schuss pled guilty to several criminal charges brought CT Page 2625 against him for causing fires which damaged Emanuel Synagogue as well as another synagogue, the home of a rabbi and the home of a state legislator. In regard to the criminal charge involving the fire damage to Emanuel Synagogue, Schuss pled guilty to one count of arson in the third degree in violation of General Statutes53a-113 (a).
The sole issue raised by the parties in this motion is whether Schuss' plea of guilty to arson in the third degree in violation of 53a-113 (a) conclusively establishes that he intended to do damage to the synagogue which would preclude him from being covered for liability under the terms of the general liability policy issued by Aetna. Accordingly, the court will treat this motion as the parties have done. Lashgari v. Lashgari, 197 Conn. 189,196 (1985).
Aetna relies upon the recent case of Griffin v. Parker,22 Conn. App. 610 (1990), petition for cert. filed (Sept. 5, 1990), for its argument that Schuss is collaterally estopped from now claiming that he did not intend to cause damage to Emanuel Synagogue because of his plea to the crime of arson in the third degree in violation of 53a-113 (a). "`Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.' Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 402, 546 A.2d 284 (1988), aff'd,211 Conn. 67, 557 A.2d 540 (1989). The purposes underlying the doctrine of collateral estoppel are to protect the finality of judicial determinations, and to conserve time and judicial resources. Id. Historically, in order for collateral estoppel to apply, the adversaries in the second action must have been party adversaries in the first action. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 323, 326-27, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). A frequently cited and basic reason for this mutuality requirement is to assure that the party against whom estoppel is to be used has had an opportunity fully and fairly to litigate the issue in the first action. Ashe v. Swenson, 397 U.S. 436, 444,90 S.Ct. 1189, 25 L.Ed.2d 469 (1969); State v. Fritz, 204 Conn. 156, 173,527 A.2d 1157 (1987); Gionfriddo v. Gartenhaus Cafe, supra. The doctrine of collateral estoppel differs from res judicata in that the latter involves claim preclusion, and the former, issue preclusion. The effect of requiring mutuality is to limit the scope of collateral estoppel so that neither party in a second action can use a prior judgment for estoppel purposes against the other unless both were adversaries in the first case and bound by that prior action." Griffin v. Parker, supra 615.
The appellate court in Griffin, eliminated this requirement of mutuality in applying the principles of collateral estoppel. It held, in an action to recover damages for personal injuries sustained as a result of being shot by the defendant, that the CT Page 2626 defendant was collaterally estopped from contesting the issue of whether he intentionally committed the assault because of a prior, criminal judgment of conviction of assault on the plaintiff in the first degree in violation of General Statutes 53a-59 (a)(1) and.53a-59 (a)(3) after a trial on the merits of the state's claim. Griffin adopted the rule in Restatement (Second) Judgment 85, which provides in pertinent part the following: "A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action: (a) Against the defendant in the; criminal prosecution as stated in 29: and (b) Against a person having a relationship with the defendant specified in 46, 48 56(1), and 59-61, of analogous rules." Of course, as pointed out by the appellate court, it must be "the precise issue determined by a higher standard of proof in the prior criminal action." Griffin v. Parker, supra 623.
Notwithstanding Griffin, the plea of guilty by Schuss in this case does not collaterally estop him (or Home) on the issue of whether he intended to cause the damage to the synagogue. Griffin involved a judgment of conviction after a contested trial involving the issue (intentional assault) for which he was collaterally estopped and the present case is a judgment of conviction after a voluntary plea of guilty. It is crystal clear that 85 of the Restatement does not include judgments of conviction predicated on guilty pleas. "The rule of this Section presupposes that the issue in question was actually litigated in the criminal prosecution. See 27, Comment e. Accordingly, the rule of this Section does not apply where the criminal judgment was based on a plea of nolo contendere or a plea of guilty." Restatement (Second) Judgment, 85, comment b. In other words, for 85 to collaterally estop a party from relitigating an issue the issue in the prior action must have been actually litigated.[1]
Even if the rule of collateral estoppel could be extended to merely a guilty plea, it is not conclusive in this case on the issue of whether Schuss intended to cause damage to the synagogue. The exclusion under the personal liability coverage applies only to property damage which was "expected or intended by the insured." Schuss pled guilty to 53a-113 (a) which provides that "person is guilty of arson in the third degree if he recklessly causes destruction or damage to a building . . . by intentionally starting a fire or causing an explosion." (emphasis supplied) The only intentional act required for a conviction under53a-113 (a) is to start a fire. Merely intending to set the fire does not invoke the policy's exclusion clause, rather it must be proven that Schuss intended to cause damage to the synagogue. The recklessness under 53a-113 (a) cannot be equated to an intention to cause damage to the property. "Reckless conduct is not intentional conduct because one who acts recklessly does not have a conscious objective to cause a particular result." State v. CT Page 2627 Beccia, 199 Conn. 1, 4 (1986); General Statutes 53a-3 (13). Accordingly, the present case does not satisfy the requirement for collateral estoppel because the issue which is sought to be. precluded in the civil case must be "the precise issue determined" in the criminal action. Griffin v. Parker, supra 623.
Of course, Schuss' plea of guilty to 53a-113 (a) is not without meaning. Its underpinnings are, however, merely evidential admissions to the extent they admit pertinent facts. Tait and LaPlante, Connecticut Evidence, 11.5.3(b).
The defendant Aetna Life Casualty Co.'s motion for summary judgment is denied.
ROBERT I. BERDON, JUDGE
FOOTNOTE