[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Department of Motor CT Page 7150 Vehicles, which suspended the plaintiff's motor vehicle operator's license for 90 days for operation of a motor vehicle while the plaintiff's blood alcohol level exceeded ten hundredths of one percent by weight (.10). The plaintiff is aggrieved within the meaning of Connecticut General Statutes 4-183 (a).
Section 14-227b(c) of the General Statutes provides that if a motor vehicle operator submits to a chemical test after being arrested for driving under the influence of intoxicating liquor, the Department will suspend the operator's license unless a hearing is requested, in which case the hearing is limited to four issues: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person submit to the test, and the test results indicate that at the time of the operation the ratio of alcohol in the blood was .10 or more by weight; and (4) was the person operating the motor vehicle.
The plaintiff raises three issues on appeal. The fourth issue, the lack of proof of chemical alcohol procedures being followed was not raised at the administrative hearing nor in the pleadings, and thus will not be heard de novo at this stage of the proceedings.
The court finds that the police report was properly admitted into evidence by the hearing officer.
The plaintiff's claims regarding collateral estoppel and reliance on Griffin v. Parker, 22 Conn. App. 616 (1990), are without merit. No prior criminal proceeding is at issue here, and the rule of Brockett v. Jensen, 154 Conn. 328 (1966) applies. The court does not therefore have to reach the issue of whether this case is in any way an appropriate one for the invocation of the rule of collateral estoppel.
Finally the plaintiff claims there was insufficient evidence for the hearing, officer to determine from the two test readings whether or not the plaintiff was at a level of .10 or higher when he was operating his car. He urges the court to apply State v. Geisler, 22 Conn. App. 142 (1990) and Marshall v. Delponte, 4 Ct. L.R. 36 (1991), which extended Geisler's holding to license suspension hearings. The court declines to follow Marshall v. Delponte, supra, and instead relies on the reasoning of Kijanko v. State of Connecticut Department of Motor Vehicles (No. CV91-036019, Judicial District of Ansonia Milford at Milford, July 29, 1991, Fuller, J.), in which the rule of Geisler is not extended.
The appeal is dismissed.
Elaine Gordon, Judge. CT Page 7151